UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD JAMES CAMPBELL**<br>Petitioner<br><br>v.<br><br>U.S. PAROLE COMMISSION, <u>et. al.</u><br>Respondents | :<br>:<br>:  Civil Action No. 07-2013 (ESH)<br>:<br>:<br>:<br>:<br>: |

## U.S. PAROLE COMMISSION'S OPPOSITION TO
## PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes the petitioner's petition for a writ of habeas corpus  The bases for the United States Parole Commission's opposition is as follows:

### INTRODUCTION & ISSUES

Petitioner, a D.C. Code offender, challenges the forfeiture of the time he spent on parole ("street time") as the result of his revocations by the U.S. Parole Commission ("Commission") and the now defunct D.C. Board of Parole ("D.C. Board").  Petitioner claims that the forfeiture of his street time constitutes a violation of his Due Process rights and is an <u>Ex Post Facto</u> violation. Petitioner also alleges that the forfeiture of his street time amounts to cruel and unusual punishment and a Double Jeopardy violation.  To support these allegations, petitioner claims that his 1985 sentence of 5 to 15 years in prison, imposed by the D.C. Superior Court, expired in 2000 and that his sentence has been unlawfully extended by the Commission.

### PROCEDURAL HISTORY AND STATEMENT OF FACTS

The petitioner, Richard Campbell, was sentenced by the District of Columbia Superior Court on August 15, 1985 to a term of 5 to 15 years in prison for his conviction possession with intent to distribute heroin  (Exhibit A, Sentence Monitoring Computation Data). At the time of his sentencing, petitioner was on parole for carrying a pistol without a license (Exhibit B, Certificate Of Parole). On

August 26, 1985, the D.C. Board issued a warrant for petitioner's arrest charging him with violating the conditions of parole by being arrested and convicted of a drug crime (Exhibit C, Warrant and Charging Sheet).  After a revocation hearing, the D.C. Board revoked petitioner's parole on October 7, 1985 (Exhibit D, Order of Revocation).  Petitioner was paroled on May 2, 1990 with a sentence expiration date of June 27, 2000 (Exhibit E, Certificate Of Parole).  Petitioner requested transfer of his supervision to the State of Kentucky, and his request was granted (Exhibit F, Transfer of Supervision Request and Notice of Board Order).  On July 10, 1996, the Kentucky Parole Board determined that petitioner violated his parole by using marijuana and failing to complete his drug treatment program (Exhibit G, Results of Preliminary Parole Revocation Hearing).  The Kentucky Parole Board detained petitioner and referred the matter to the D.C. Board for the appropriate sanction (Exhibit G, Results of Preliminary Parole Revocation Hearing and Exhibit H, Kentucky Department of Corrections Memorandum). On August 12, 1996, the D.C. Board ordered the petitioner's return to D.C. and issued an arrest warrant (Exhibit I, Notice of Board Order and Exhibit J, Warrant and Statement of Alleged Violations).  On October 29, 1996, the D.C. Board revoked petitioner's parole and immediately granted parole with a sentence expiration date of June 27, 2000 (Exhibit K, Notice of Board Order and Exhibit L, Certificate of Parole).

    On April 24, 1998, the D.C. Board issued a warrant which charged the petitioner with failing to report to his parole officer and the illegal use of marijuana (Exhibit M, Warrant and Statement of Alleged Parole Violations). On May 24, 1998, petitioner was arrested for driving without a permit, and also taken into custody on the outstanding parole violation warrant (Exhibit N, D.C. Board of Parole Memorandum).  On August 26, 1998, petitioner received a revocation hearing, wherein his parole was revoked (Exhibit O, Notice of Board Order).  After this revocation,  petitioner's sentence expiration date was recalculated and determined to be May 17, 2008. This recalculation was based upon the holding in U.S. Parole Commission v. Noble, 693 A.2d 1084 (D.C. 1997).  With this recalculation, petitioner lost all the time he previously spent on parole (Exhibit P, D.C. Dept. Of

Corrections Face Sheet).  Petitioner was paroled by the Commission[1] on March 24, 2000 with the new sentence expiration date of May 15, 2008 (Exhibit Q, Certificate Of Parole).

On January 11, 2002, the Commission issued a summons to appear for a probable cause hearing charging petitioner with use of dangerous and habit forming drugs, failure to submit urine samples for drug testing, and failure to report to parole officer as directed (Exhibit R, Commission Letter and Summons to Appear).  On May 17, 2002, petitioner received a probable cause hearing, wherein the hearing examiner found probable cause for the charges of using dangerous and habit forming drugs and failure to submit urine samples for drug testing (Exhibit S, Probable Cause Hearing Summary).  On July 22, 2002, the Commission summoned petitioner for a revocation hearing and notified him that, if he was revoked, he would "not receive credit for time spent on parole regardless of whether or not . . . [he had] been convicted of a crime" (Exhibit T, Summons to Appear for Revocation Hearing).  After the revocation hearing, the Commission issued a Notice of Action, on August 1, 2002, revoking his parole and informing him that "[n]one of the time spent on parole shall be credited" (Exhibit U, Notice of Action).  The Commission also issued a warrant on August 1, 2002, to assume custody of petitioner. The warrant was executed June 2, 2003 (Exhibit V, Warrant and Warrant Application).  Petitioner was paroled by the Commission on October 2, 2004 with the new sentence expiration date of August 1, 2011 (Exhibit W, Certificate Of Parole).

On July 30, 2007, the Commission issued a warrant charging the petitioner with failure to submit to drug testing, use of dangerous and habit forming drugs, and failure to report to parole officer as directed  (Exhibit X, Warrant and Warrant Application).  The warrant was executed on August 14, 2007 (Id.).  Another probable cause hearing was held on August 17, 2007.  There, the hearing examiner found probable cause on all charges (Exhibit Y, Probable Cause Hearing Digest).  Petitioner agreed to an expedited revocation decision instead of having a revocation hearing (Exhibit Z, Advanced Consent

---

[1] After the D.C. Board was abolished the U.S. Parole Commission assumed jurisdiction over all D.C. Code felony offenders. See  National Capital Revitalization and Self-Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1997); D.C. Code § 24-131.

To Expedited Revocation Decision). The agreement petitioner signed informed him that his acceptance included forfeiture of all time spent on parole (Id.). His new full term date was calculated to be June 11, 2014 (Exhibit AA, Advanced Consent Expedited Revocation Worksheet). On October 4, 2007, the Commission issued a Notice of Action revoking petitioner's parole, approving the advanced consent to expedited revocation, and informing him again that "[n]one of the time spent on supervision shall be credited" (Exhibit BB, Notice of Action).

## ARGUMENT

### I. Petitioner Is Not Entitled To Credit For Time Spent On Parole From D.C. Sentences

Petitioner contends that the Commission extended his sentence, imposed by the D.C. Superior Court, and, thereby, violated the Ex Post Facto Clause, denied him of due process, subjected him to cruel and unusual punishment, and violated the Double Jeopardy Clause. Petitioner's arguments have no merit.

### A. When Parole Is Revoked, The Street Time Forfeiture Is Automatic And Does Not Violate The Ex Post Facto or Due Process Clauses

Petitioner's claims are premised on his erroneous belief that his custody has been extended beyond 15 years, in violation of his original sentence. He fails to acknowledge, however, that District of Columbia law mandates that, upon revocation of parole, none of the time that a prisoner has previously spent on parole can be credited to the service of his sentence, and that street time is properly forfeited. See D.C. Code § 24-406(a); United States Parole Comm'n v. Noble, 693 A.2d 1084 (D.C.1997), op. adopted, 711 A.2d 85 (D.C.1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); Jones v. Bureau of Prisons, 2002 WL 31189792, *1 (D.C. Cir. October 2, 2002) (appellant cannot receive credit for "street time" after his parole is revoked); McRae v. D.C. Parole Board, 2002 WL 32388337, *2 (E.D.Va. May 13, 2002) (parole violators are not entitled to street time credit against their sentence when their parole is revoked). Moreover, forfeiture of street time does not violate the Ex Post Facto Clause or petitioner's right to due process. See Mills v. U.S. Parole Comm'n., 2006 WL 270262, *3 (D.D.C. February 2, 2006); Davis v. Moore, 772 A.2d 204, 216 (D.C. 2001) (en banc). Thus, the Commission and the D.C. Board

correctly forfeited all of the time the petitioner spent on parole supervision when they revoked his parole on August 26, 1998, August 1, 2002, and October 4, 2007, to a full term expiration date currently calculated as June 11, 2014.

### B. Forfeiture Of Time Spent On Parole Is Not Cruel And Unusual Punishment

Petitioner's claim that the Commission's action of forfeiting his street time amounts to cruel and unusual punishment is without merit. The Eighth Amendment prohibition against cruel and unusual punishment proscribes punishment which is incompatible with "the evolving standards of decency that mark the progress of a maturing society." See Trop v. Dulles, 356 U.S. 86, 101 (1958). The Eighth Amendment may also be implicated where the punishment is grossly disproportionate to the seriousness of the crime. See Gregg v. Georgia, 428 U.S. 153, 173 (1976). Detention beyond the expiration of a sentence may constitute cruel and unusual punishment if it is the result of deliberate indifference to a prisoner's liberty interest or violates due process. See Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (holding that if not the result of deliberate indifference, such detention can be held to be unconstitutional only if it violates due process). In this case, as noted above, the Commission properly forfeited the petitioner's street time upon revocation of his parole and did not knowingly or with reckless indifference cause his detention beyond the expiration of his sentence. Therefore, petitioner's 8th Amendment claim should be summarily denied.

### C. Forfeiture Of Time Spent On Parole Does Not Amount To Double Jeopardy

Petitioner asserts that the prohibition against double jeopardy was violated when his street time was forfeited as a sanction for his parole violations. It is well settled that the double jeopardy clause applies only to criminal prosecutions and does not apply to parole decision-making. See Hardy v. United States, 578 A.2d 178, 181 (D.C. 1990); Cortinas v. U.S. Parole Comm'n, 938 F.2d 43, 46 (5th Cir. 1991); Garcia v. United States, 769 F.2d 697, 700 (11th Cir. 1985) (double jeopardy clause "does not apply to parole revocation proceedings"); Thompson v. Reivitz, 746 F.2d 397, 399 (7th Cir. 1984), cert. denied, 471 U.S. 1103 (1985); Averhart v. Tutsie, 618 F.2d 479, 483 (7th Cir. 1980); Dunn v. California Dep't of Corrections, 401 F.2d 340, 342 (9th Cir. 1968) ("Double jeopardy is not applicable

to parole revocation proceedings."); Simpson v. Gunnell, 567 F. Supp. 20 (D. Conn. 1982). Thus, the double jeopardy clause was not violated by the recalculation of petitioner's sentence expiration date.

WHEREFORE, for all of the above reasons, petitioner's petition for a writ of habeas corpus should be summarily denied.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    United States Attorney

                    _____/s/_____
                    ROBERT D. OKUN, D.C. Bar No. 457-078
                    Chief, Special Proceedings Division

                    _____/s/_____
                    Timothy W. Lucas
                    Assistant United States Attorney
                    555 4th Street, N.W.,  Room 10-443
                    Washington, DC 20530
                    (202) 305-1845
                    Email: timothy.w.lucas@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing opposition has been served via U.S. mail upon petitioner, Richard James Campbell, R. 06748-007, DC# 167-651, DC Jail, 1901 D Street, SE, Washington, D.C. 20003, on this the 25th day of January 2008.

                  _____/s/_____
                  Timothy W. Lucas
                  Assistant United States Attorney