# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RICHARD JAMES CAMPBELL    :
Petitioner    :
    :    **Civil Action No. 07-2013 (ESH)**
v.    :
    :
U.S. PAROLE COMMISSION, et. al.    :
Respondents    :
_____    :

## U.S. PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes the petitioner's petition for a writ of habeas corpus  The bases for the United States Parole Commission's opposition is as follows:

## INTRODUCTION & ISSUES

Petitioner, a D.C. Code offender, challenges the forfeiture of the time he spent on parole ("street time") as the result of his revocations by the U.S. Parole Commission ("Commission") and  the now defunct D.C. Board of Parole ("D.C. Board").  Petitioner claims that the forfeiture of his street time constitutes a violation of his Due Process rights and is an Ex Post Facto violation. Petitioner also alleges that the forfeiture of his street time amounts to cruel and unusual punishment and a Double Jeopardy violation.  To support these allegations, petitioner claims that his 1985 sentence of 5 to 15 years in prison, imposed by the D.C. Superior Court, expired in 2000 and that his sentence has been unlawfully extended by the Commission.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The petitioner, Richard Campbell, was sentenced by the District of Columbia Superior Court on August 15, 1985 to a term of 5 to 15 years in prison for his conviction possession with intent to distribute heroin  (Exhibit A, Sentence Monitoring Computation Data). At the time of his sentencing, petitioner was on parole for carrying a pistol without a license (Exhibit B, Certificate Of Parole). On

August 26, 1985, the D.C. Board issued a warrant for petitioner's arrest charging him with violating the conditions of parole by being arrested and convicted of a drug crime (Exhibit C, Warrant and Charging Sheet).  After a revocation hearing, the D.C. Board revoked petitioner's parole on October 7, 1985 (Exhibit D, Order of Revocation).  Petitioner was paroled on May 2, 1990 with a sentence expiration date of June 27, 2000 (Exhibit E, Certificate Of Parole).  Petitioner requested transfer of his supervision to the State of Kentucky, and his request was granted (Exhibit F, Transfer of Supervision Request and Notice of Board Order).  On July 10, 1996, the Kentucky Parole Board determined that petitioner violated his parole by using marijuana and failing to complete his drug treatment program (Exhibit G, Results of Preliminary Parole Revocation Hearing).  The Kentucky Parole Board detained petitioner and referred the matter to the D.C. Board for the appropriate sanction (Exhibit G, Results of Preliminary Parole Revocation Hearing and Exhibit H, Kentucky Department of Corrections Memorandum). On August 12, 1996, the D.C. Board ordered the petitioner's return to D.C. and issued an arrest warrant (Exhibit I, Notice of Board Order and Exhibit J, Warrant and Statement of Alleged Violations).  On October 29, 1996, the D.C. Board revoked petitioner's parole and immediately granted parole with a sentence expiration date of June 27, 2000 (Exhibit K, Notice of Board Order and Exhibit L, Certificate of Parole).

On April 24, 1998, the D.C. Board issued a warrant which charged the petitioner with failing to report to his parole officer and the illegal use of marijuana (Exhibit M, Warrant and Statement of Alleged Parole Violations). On May 24, 1998, petitioner was arrested for driving without a permit, and also taken into custody on the outstanding parole violation warrant (Exhibit N, D.C. Board of Parole Memorandum).  On August 26, 1998, petitioner received a revocation hearing, wherein his parole was revoked (Exhibit O, Notice of Board Order).  After this revocation,  petitioner's sentence expiration date was recalculated and determined to be May 17, 2008. This recalculation was based upon the holding in U.S. Parole Commission v. Noble, 693 A.2d 1084 (D.C. 1997).  With this recalculation, petitioner lost all the time he previously spent on parole (Exhibit P, D.C. Dept. Of

Corrections Face Sheet).  Petitioner was paroled by the Commission[1] on March 24, 2000 with the new sentence expiration date of May 15, 2008 (Exhibit Q, Certificate Of Parole).

On January 11, 2002, the Commission issued a summons to appear for a probable cause hearing charging petitioner with use of dangerous and habit forming drugs, failure to submit urine samples for drug testing, and failure to report to parole officer as directed (Exhibit R, Commission Letter and Summons to Appear).  On May 17, 2002, petitioner received a probable cause hearing, wherein the hearing examiner found probable cause for the charges of using dangerous and habit forming drugs and failure to submit urine samples for drug testing (Exhibit S, Probable Cause Hearing Summary).  On July 22, 2002, the Commission summoned petitioner for a revocation hearing and notified him that, if he was revoked, he would "not receive credit for time spent on parole regardless of whether or not . . . [he had] been convicted of a crime" (Exhibit T, Summons to Appear for Revocation Hearing).  After the revocation hearing, the Commission issued a Notice of Action, on August 1, 2002, revoking his parole and informing him that "[n]one of the time spent on parole shall be credited" (Exhibit U, Notice of Action).  The Commission also issued a warrant on August 1, 2002,  to assume custody of petitioner. The warrant was executed June 2, 2003 (Exhibit V, Warrant and Warrant Application).  Petitioner was paroled by the Commission on October 2, 2004 with the new sentence expiration date of August 1, 2011 (Exhibit W, Certificate Of Parole).

On July 30, 2007, the Commission issued a warrant charging the petitioner with failure to submit to drug testing, use of dangerous and habit forming drugs, and failure to report to parole officer as directed  (Exhibit X, Warrant and Warrant Application).  The warrant was executed on August 14, 2007 (Id.). Another probable cause hearing was held on August 17, 2007.  There, the hearing examiner found probable cause on all charges (Exhibit Y, Probable Cause Hearing Digest).  Petitioner agreed to an expedited revocation decision instead of having a revocation hearing (Exhibit Z, Advanced Consent

---

[1] After the D.C. Board was abolished the U.S. Parole Commission assumed jurisdiction over all D.C. Code felony offenders. See  National Capital Revitalization and Self-Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1997); D.C. Code § 24-131.

To Expedited Revocation Decision).  The agreement petitioner signed informed him that his acceptance included forfeiture of all time spent on parole (Id.).  His new full term date was calculated to be June 11, 2014 (Exhibit AA, Advanced Consent Expedited Revocation Worksheet).  On October 4, 2007, the Commission issued a Notice of Action revoking petitioner's parole, approving the advanced consent to expedited revocation, and informing him again that "[n]one of the time spent on supervision shall be credited" (Exhibit BB, Notice of Action).

## ARGUMENT

### I.  Petitioner Is Not Entitled To Credit For Time Spent On Parole From D.C. Sentences

Petitioner contends that the Commission extended his sentence, imposed by the D.C. Superior Court, and, thereby, violated the Ex Post Facto Clause, denied him of due process, subjected him to cruel and unusual punishment, and violated the Double Jeopardy Clause. Petitioner's arguments have no merit.

### A.  When Parole Is Revoked, The Street Time Forfeiture Is Automatic And Does Not Violate The Ex Post Facto or Due Process Clauses

Petitioner's claims are premised on his erroneous belief that his custody has been extended beyond 15 years, in violation of his original sentence. He fails to acknowledge, however, that District of Columbia law mandates that, upon revocation of parole, none of the time that a prisoner has previously spent on parole can be credited to the service of his sentence, and that street time is properly forfeited.  See D.C. Code § 24-406(a); United States Parole Comm'n v. Noble, 693 A.2d 1084 (D.C.1997), op. adopted, 711 A.2d 85 (D.C.1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); Jones v. Bureau of Prisons, 2002 WL 31189792, *1 (D.C. Cir. October 2, 2002) (appellant cannot receive credit for "street time" after his parole is revoked); McRae v. D.C. Parole Board, 2002 WL 32388337, *2 (E.D.Va. May 13, 2002) (parole violators are not entitled to street time credit against their sentence when their parole is revoked). Moreover, forfeiture of street time does not violate the Ex Post Facto Clause or petitioner's right to due process.  See Mills v. U.S. Parole Comm'n.,  2006 WL 270262, *3 (D.D.C. February 2, 2006); Davis v. Moore, 772 A.2d 204, 216 (D.C. 2001) (en banc).  Thus, the Commission and the D.C. Board

correctly forfeited all of the time the petitioner spent on parole supervision when they revoked his parole on August 26, 1998, August 1, 2002, and October 4, 2007, to a full term expiration date currently calculated as June 11, 2014.

### B.  Forfeiture Of Time Spent On Parole Is Not Cruel And Unusual Punishment

Petitioner's claim that the Commission's action of forfeiting his street time amounts to cruel and unusual punishment is without merit.  The Eighth Amendment prohibition against cruel and unusual punishment proscribes punishment which is incompatible with "the evolving standards of decency that mark the progress of a maturing society."  See Trop v. Dulles, 356 U.S. 86, 101 (1958). The Eighth Amendment may also be implicated where the punishment is grossly disproportionate to the seriousness of the crime.  See Gregg v. Georgia, 428 U.S. 153, 173 (1976).  Detention beyond the expiration of a sentence may constitute cruel and unusual punishment if it is the result of deliberate indifference to a prisoner's liberty interest or violates due process.  See Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (holding that if not the result of deliberate indifference, such detention can be held to be unconstitutional only if it violates due process).  In this case, as noted above, the Commission properly forfeited the petitioner's street time upon revocation of his parole and did not knowingly or with reckless indifference cause his detention beyond the expiration of his sentence. Therefore, petitioner's 8th Amendment claim should be summarily denied.

### C.  Forfeiture Of Time Spent On Parole Does Not Amount To Double Jeopardy

Petitioner asserts that the prohibition against double jeopardy was violated when his street time was forfeited as a sanction for his parole violations.  It is well settled that the double jeopardy clause applies only to criminal prosecutions and does not apply to parole decision-making.  See Hardy v. United States, 578 A.2d 178, 181 (D.C. 1990); Cortinas v. U.S. Parole Comm'n, 938 F.2d 43, 46 (5th Cir. 1991);  Garcia v. United States, 769 F.2d 697, 700 (11th Cir. 1985) (double jeopardy clause "does not apply to parole revocation proceedings");  Thompson v. Reivitz, 746 F.2d 397, 399 (7th Cir. 1984), cert. denied, 471 U.S. 1103 (1985);  Averhart v. Tutsie, 618 F.2d 479, 483 (7th Cir. 1980);  Dunn v. California Dep't of Corrections, 401 F.2d 340, 342 (9th Cir. 1968) ("Double jeopardy is not applicable

to parole revocation proceedings."); <u>Simpson v. Gunnell</u>, 567 F. Supp. 20 (D. Conn. 1982).  Thus, the

double jeopardy clause was not violated by the recalculation of petitioner's sentence expiration date.

    WHEREFORE, for all of the above reasons, petitioner's petition for a writ of habeas corpus

should be summarily denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
ROBERT D. OKUN, D.C. Bar No. 457-078
Chief, Special Proceedings Division


_____/s/_____
Timothy W. Lucas
Assistant United States Attorney
555 4th Street, N.W.,  Room 10-443
Washington, DC 20530
(202) 305-1845
 Email: timothy.w.lucas@usdoj.gov


<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing opposition has been served via U.S. mail upon
petitioner, Richard James Campbell, R. 06748-007, DC# 167-651, DC Jail, 1901 D Street, SE,
Washington, D.C. 20003, on this the 25th day of January 2008.

_____/s/_____
Timothy W. Lucas
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RICHARD JAMES CAMPBELL** | : | |
| **Petitioner** | : | |
| | : | **Civil Action No.  07-2013 (ESH)** |
| **v.** | : | |
| | : | |
| **U.S. PAROLE COMMISSION, <u>et</u>. <u>al.</u>** | : | |
| **Respondents** | : | |
| _____ | : | |

## U.S. PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes the petitioner's petition for a writ of habeas corpus  The bases for the United States Parole Commission's opposition is as follows:

## INTRODUCTION & ISSUES

Petitioner, a D.C. Code offender, challenges the forfeiture of the time he spent on parole ("street time") as the result of his revocations by the U.S. Parole Commission ("Commission") and  the now defunct D.C. Board of Parole ("D.C. Board").  Petitioner claims that the forfeiture of his street time constitutes a violation of his Due Process rights and is an <u>Ex</u> <u>Post</u> <u>Facto</u> violation. Petitioner also alleges that the forfeiture of his street time amounts to cruel and unusual punishment and a Double Jeopardy violation.  To support these allegations, petitioner claims that his 1985 sentence of 5 to 15 years in prison, imposed by the D.C. Superior Court, expired in 2000 and that his sentence has been unlawfully extended by the Commission.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The petitioner, Richard Campbell, was sentenced by the District of Columbia Superior Court on August 15, 1985 to a term of 5 to 15 years in prison for his conviction possession with intent to distribute heroin  (Exhibit A, Sentence Monitoring Computation Data). At the time of his sentencing, petitioner was on parole for carrying a pistol without a license (Exhibit B, Certificate Of Parole). On

August 26, 1985, the D.C. Board issued a warrant for petitioner's arrest charging him with violating the conditions of parole by being arrested and convicted of a drug crime (Exhibit C, Warrant and Charging Sheet). After a revocation hearing, the D.C. Board revoked petitioner's parole on October 7, 1985 (Exhibit D, Order of Revocation). Petitioner was paroled on May 2, 1990 with a sentence expiration date of June 27, 2000 (Exhibit E, Certificate Of Parole). Petitioner requested transfer of his supervision to the State of Kentucky, and his request was granted (Exhibit F, Transfer of Supervision Request and Notice of Board Order). On July 10, 1996, the Kentucky Parole Board determined that petitioner violated his parole by using marijuana and failing to complete his drug treatment program (Exhibit G, Results of Preliminary Parole Revocation Hearing). The Kentucky Parole Board detained petitioner and referred the matter to the D.C. Board for the appropriate sanction (Exhibit G, Results of Preliminary Parole Revocation Hearing and Exhibit H, Kentucky Department of Corrections Memorandum). On August 12, 1996, the D.C. Board ordered the petitioner's return to D.C. and issued an arrest warrant (Exhibit I, Notice of Board Order and Exhibit J, Warrant and Statement of Alleged Violations). On October 29, 1996, the D.C. Board revoked petitioner's parole and immediately granted parole with a sentence expiration date of June 27, 2000 (Exhibit K, Notice of Board Order and Exhibit L, Certificate of Parole).

On April 24, 1998, the D.C. Board issued a warrant which charged the petitioner with failing to report to his parole officer and the illegal use of marijuana (Exhibit M, Warrant and Statement of Alleged Parole Violations). On May 24, 1998, petitioner was arrested for driving without a permit, and also taken into custody on the outstanding parole violation warrant (Exhibit N, D.C. Board of Parole Memorandum). On August 26, 1998, petitioner received a revocation hearing, wherein his parole was revoked (Exhibit O, Notice of Board Order). After this revocation, petitioner's sentence expiration date was recalculated and determined to be May 17, 2008. This recalculation was based upon the holding in U.S. Parole Commission v. Noble, 693 A.2d 1084 (D.C. 1997). With this recalculation, petitioner lost all the time he previously spent on parole (Exhibit P, D.C. Dept. Of

Corrections Face Sheet).  Petitioner was paroled by the Commission[1] on March 24, 2000 with the new sentence expiration date of May 15, 2008 (Exhibit Q, Certificate Of Parole).

On January 11, 2002, the Commission issued a summons to appear for a probable cause hearing charging petitioner with use of dangerous and habit forming drugs, failure to submit urine samples for drug testing, and failure to report to parole officer as directed (Exhibit R, Commission Letter and Summons to Appear).  On May 17, 2002, petitioner received a probable cause hearing, wherein the hearing examiner found probable cause for the charges of using dangerous and habit forming drugs and failure to submit urine samples for drug testing (Exhibit S, Probable Cause Hearing Summary).  On July 22, 2002, the Commission summoned petitioner for a revocation hearing and notified him that, if he was revoked, he would "not receive credit for time spent on parole regardless of whether or not . . . [he had] been convicted of a crime" (Exhibit T, Summons to Appear for Revocation Hearing).  After the revocation hearing, the Commission issued a Notice of Action, on August 1, 2002, revoking his parole and informing him that "[n]one of the time spent on parole shall be credited" (Exhibit U, Notice of Action).  The Commission also issued a warrant on August 1, 2002,  to assume custody of petitioner. The warrant was executed June 2, 2003 (Exhibit V, Warrant and Warrant Application).  Petitioner was paroled by the Commission on October 2, 2004 with the new sentence expiration date of August 1, 2011 (Exhibit W, Certificate Of Parole).

On July 30, 2007, the Commission issued a warrant charging the petitioner with failure to submit to drug testing, use of dangerous and habit forming drugs, and failure to report to parole officer as directed  (Exhibit X, Warrant and Warrant Application).  The warrant was executed on August 14, 2007 (Id.). Another probable cause hearing was held on August 17, 2007.  There, the hearing examiner found probable cause on all charges (Exhibit Y, Probable Cause Hearing Digest).  Petitioner agreed to an expedited revocation decision instead of having a revocation hearing (Exhibit Z, Advanced Consent

---

[1]  After the D.C. Board was abolished the U.S. Parole Commission assumed jurisdiction over all D.C. Code felony offenders. See  National Capital Revitalization and Self-Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1997); D.C. Code § 24-131.

To Expedited Revocation Decision). The agreement petitioner signed informed him that his acceptance included forfeiture of all time spent on parole (Id.). His new full term date was calculated to be June 11, 2014 (Exhibit AA, Advanced Consent Expedited Revocation Worksheet). On October 4, 2007, the Commission issued a Notice of Action revoking petitioner's parole, approving the advanced consent to expedited revocation, and informing him again that "[n]one of the time spent on supervision shall be credited" (Exhibit BB, Notice of Action).

## ARGUMENT

### I.  Petitioner Is Not Entitled To Credit For Time Spent On Parole From D.C. Sentences

Petitioner contends that the Commission extended his sentence, imposed by the D.C. Superior Court, and, thereby, violated the Ex Post Facto Clause, denied him of due process, subjected him to cruel and unusual punishment, and violated the Double Jeopardy Clause. Petitioner's arguments have no merit.

### A.  When Parole Is Revoked, The Street Time Forfeiture Is Automatic And Does Not Violate the Ex Post Facto or Due Process Clauses

Petitioner's claims are premised on his erroneous belief that his custody has been extended beyond 15 years, in violation of his original sentence. He fails to acknowledge, however, that District of Columbia law mandates that, upon revocation of parole, none of the time that a prisoner has previously spent on parole can be credited to the service of his sentence, and that street time is properly forfeited. See D.C. Code § 24-406(a); United States Parole Comm'n v. Noble, 693 A.2d 1084 (D.C.1997), op. adopted, 711 A.2d 85 (D.C.1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); Jones v. Bureau of Prisons, 2002 WL 31189792, *1 (D.C. Cir. October 2, 2002) (appellant cannot receive credit for "street time" after his parole is revoked); McRae v. D.C. Parole Board, 2002 WL 32388337, *2 (E.D.Va. May 13, 2002) (parole violators are not entitled to street time credit against their sentence when their parole is revoked). Moreover, forfeiture of street time does not violate the Ex Post Facto Clause or petitioner's right to due process. See Mills v. U.S. Parole Comm'n., 2006 WL 270262, *3 (D.D.C. February 2, 2006); Davis v. Moore, 772 A.2d 204, 216 (D.C. 2001) (en banc). Thus, the Commission and the D.C. Board

4

correctly forfeited all of the time the petitioner spent on parole supervision when they revoked his parole on August 26, 1998, August 1, 2002, and October 4, 2007, to a full term expiration date currently calculated as June 11, 2014.

### B.  Forfeiture Of Time Spent On Parole Is Not Cruel And Unusual Punishment

Petitioner's claim that the Commission's action of forfeiting his street time amounts to cruel and unusual punishment is without merit.  The Eighth Amendment prohibition against cruel and unusual punishment proscribes punishment which is incompatible with "the evolving standards of decency that mark the progress of a maturing society."  See Trop v. Dulles, 356 U.S. 86, 101 (1958). The Eighth Amendment may also be implicated where the punishment is grossly disproportionate to the seriousness of the crime.  See Gregg v. Georgia, 428 U.S. 153, 173 (1976).  Detention beyond the expiration of a sentence may constitute cruel and unusual punishment if it is the result of deliberate indifference to a prisoner's liberty interest or violates due process.  See Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (holding that if not the result of deliberate indifference, such detention can be held to be unconstitutional only if it violates due process).  In this case, as noted above, the Commission properly forfeited the petitioner's street time upon revocation of his parole and did not knowingly or with reckless indifference cause his detention beyond the expiration of his sentence. Therefore, petitioner's 8th Amendment claim should be summarily denied.

### C.  Forfeiture Of Time Spent On Parole Does Not Amount To Double Jeopardy

Petitioner asserts that the prohibition against double jeopardy was violated when his street time was forfeited as a sanction for his parole violations.  It is well settled that the double jeopardy clause applies only to criminal prosecutions and does not apply to parole decision-making.  See Hardy v. United States, 578 A.2d 178, 181 (D.C. 1990); Cortinas v. U.S. Parole Comm'n, 938 F.2d 43, 46 (5th Cir. 1991);  Garcia v. United States, 769 F.2d 697, 700 (11th Cir. 1985) (double jeopardy clause "does not apply to parole revocation proceedings");  Thompson v. Reivitz, 746 F.2d 397, 399 (7th Cir. 1984), cert. denied, 471 U.S. 1103 (1985);  Averhart v. Tutsie, 618 F.2d 479, 483 (7th Cir. 1980);  Dunn v. California Dep't of Corrections, 401 F.2d 340, 342 (9th Cir. 1968) ("Double jeopardy is not applicable

to parole revocation proceedings."); <u>Simpson v. Gunnell</u>, 567 F. Supp. 20 (D. Conn. 1982). Thus, the

double jeopardy clause was not violated by the recalculation of petitioner's sentence expiration date.

    WHEREFORE, for all of the above reasons, petitioner's petition for a writ of habeas corpus

should be summarily denied.

                                               Respectfully submitted,

                                             JEFFREY A. TAYLOR
                                             United States Attorney


                                            _____/s/_____
                                             ROBERT D. OKUN, D.C. Bar No. 457-078
                                           Chief, Special Proceedings Division


                                             _____/s/_____
                                           Timothy W. Lucas
                                           Assistant United States Attorney
                                           555 4th Street, N.W.,  Room 10-443
                                           Washington, DC 20530
                                           (202) 305-1845
                                            Email: timothy.w.lucas@usdoj.gov


<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing opposition has been served via U.S. mail upon petitioner, Richard James Campbell, R. 06748-007, DC# 167-651, DC Jail, 1901 D Street, SE, Washington, D.C. 20003, on this the 25th day of January 2008.

                                    _____/s/_____
                                      Timothy W. Lucas
                                      Assistant United States Attorney

# UNITED STATES DEPARTMENT OF JUSTICE

## UNITED STATES PAROLE COMMISSION

I certify that I am a custodian of records of the United States Parole Commission, which is a repository of records concerning parole release and supervision for federal and District of Columbia offenders.  The Parole Commission's address is 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

I further certify that, on the date noted below, I had custody of the Parole Commission's file for Richard Campbell, Register Number 06748-007, as part of my official duties with the Commission.

The documents included with this certificate are true copies of documents found in that file.



*In witness whereof, I have signed, and caused the seal of the United States Parole Commission to be affixed on the date noted below.*

Elizabeth Thomas
Assistant General Counsel
U.S. Parole Commission

Dated:  January 25, 2008

```
5H     PAR3E  540*23 *            SENTENCE MONITORING          *      07-31-2007
  PAGE 001            *           COMPUTATION DATA             *      18:55:48
                                  AS OF 10-01-2004

  REGNO..: 06748-007 NAME: CAMPBELL, RICHARD J


  FBI NO............: 50495H              DATE OF BIRTH: 01-03-1947
  ARS1..............: CDC/PAROLE
  UNIT..............:                     QUARTERS.....:
  DETAINERS.........: NO                  NOTIFICATIONS: NO

  PRE-RELEASE PREPARATION DATE: 08-15-2004

  THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
  THE INMATE WAS SCHEDULED FOR RELEASE:  10-01-2004 VIA PAROLE

  ----------------------PRIOR JUDGMENT/WARRANT NO: 020 ----------------------
  COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
  DOCKET NUMBER...................: F7351-83
  JUDGE...........................: BACON
  DATE SENTENCED/PROBATION IMPOSED: 08-15-1985
  DATE WARRANT ISSUED.............: 08-01-2002
  DATE WARRANT EXECUTED...........: 06-02-2003
  DATE COMMITTED..................: 07-10-2003
  HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
  PROBATION IMPOSED...............: NO
  SPECIAL PAROLE TERM.............:


  RESTITUTION...:  PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

  ----------------------PRIOR OBLIGATION NO: 010 ----------------------------
  OFFENSE CODE....: 620
  OFF/CHG: POSSESSION OF HEROIN WITH INTENT TO DISTRIBUTE

   SENTENCE PROCEDURE.............: DC CODE ADULT
   SENTENCE IMPOSED/TIME TO SERVE.:   15 YEARS
   NEW SENTENCE IMPOSED...........: 2987 DAYS
   BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
   DATE OF OFFENSE................: 12-20-1983




  G0002      MORE PAGES TO FOLLOW . . .
```

**Exhibit _A_**

```
5H    PAR3E  540*23  *          SENTENCE MONITORING        *      07-31-2007
PAGE 002         *             COMPUTATION DATA          *      18:55:48
                                AS OF 10-01-2004
```

REGNO..: 06748-007 NAME: CAMPBELL, RICHARD J


-------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 09-21-2004 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

```
DATE COMPUTATION BEGAN..........: 06-02-2003
TOTAL TERM IN EFFECT............: 2987 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     8 YEARS      2 MONTHS      4 DAYS
EARLIEST DATE OF OFFENSE........: 12-20-1983

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    05-29-2003    06-01-2003

TOTAL JAIL CREDIT TIME..........: 4
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 785
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 06-07-2009
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 02-02-2011
EXPIRATION FULL TERM DATE.......: 08-01-2011

PAROLE EFFECTIVE................: 10-02-2004
PAROLE EFF VERIFICATION DATE....: 06-17-2004
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: NOT ELIGIBLE

ACTUAL SATISFACTION DATE........: 10-01-2004
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: PN

DAYS REMAINING..................: 2494
FINAL PUBLIC LAW DAYS...........: 1
```

REMARKS.......: 10% DATE 08-15-2004
               COMP RECERTIFIED BY D.C. RECORD CENTER ON 09-23-2004.




G0002     MORE PAGES TO FOLLOW . . .




**Exhibit** _A_

```
5H      PAR3E  540*23 *          SENTENCE MONITORING        *      07-31-2007
PAGE 003          *            COMPUTATION DATA          *      18:55:48
                               AS OF 03-24-2000


REGNO..: 06748-007 NAME: CAMPBELL, RICHARD J


FBI NO...........: 50495H              DATE OF BIRTH: 01-03-1947
ARS1.............: CDC/PAROLE
UNIT.............:                     QUARTERS.....:
DETAINERS........: NO                  NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 03-24-2000 VIA PAROLE

----------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F7351-83
JUDGE...........................: BACON
DATE SENTENCED/PROBATION IMPOSED: 08-15-1985
DATE WARRANT ISSUED.............: 05-25-1998
DATE WARRANT EXECUTED...........: 05-25-1998
DATE COMMITTED..................: 06-11-1999
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:

                  FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.:   $20.00         $00.00          $00.00      $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

----------------------PRIOR OBLIGATION NO: 010 ----------------------
OFFENSE CODE....: 620
OFF/CHG: POSSESSION OF HEROIN WITH INTENT TO DISTRIBUTE IN VIOLATION
         OF D.C. CODE

  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:    15 YEARS
  NEW SENTENCE IMPOSED...........: 3644 DAYS
  BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
  DATE OF OFFENSE................: 12-20-1983


5H
G0002      MORE PAGES TO FOLLOW . . .
```

Exhibit ___A___

```
5H    PAR3E  540*23 *          SENTENCE MONITORING          *    07-31-2007
PAGE 004 OF 004 *            COMPUTATION DATA          *    18:55:48
                             AS OF 03-24-2000
```

REGNO..: 06748-007 NAME: CAMPBELL, RICHARD J


--------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-24-2000 AT CBR MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010


DATE COMPUTATION BEGAN..........: 05-25-1998
TOTAL TERM IN EFFECT............: 3644 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     9 YEARS      11 MONTHS      21 DAYS
EARLIEST DATE OF OFFENSE........: 12-20-1983

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: UNKNOWN
STATUTORY RELEASE DATE..........: 10-01-2005
TWO THIRDS DATE.................: UNKNOWN
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 05-15-2008

PAROLE EFFECTIVE................: 03-24-2000
PAROLE EFF VERIFICATION DATE....: 03-24-2000
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 03-24-2000
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CBR
ACTUAL SATISFACTION KEYED BY....: LKM

DAYS REMAINING..................: 2975
FINAL PUBLIC LAW DAYS...........: 0

                  PAROLE EFFECTIVE AFTER THE SERVICE OF 22 MONTHS 3/24/2000 WITH
                  RELEASE THROUGH A CCC RECOMMENDED PRIOR TO THE PAROLE DATE AND
                  WITH THE HIGHEST LEVEL OF SUPERVISION




S0039      ALL CURRENT COMPS ARE SATISFIED



**Exhibit ___A___**



PB-16
(Revised 10/81)

# BOARD OF PAROLE
# DISTRICT OF COLUMBIA
# CERTIFICATE OF PAROLE

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that RICHARD **CAMPBELL** _____ D.C.D.C. 167 651 _____ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on OCTOBER 28, _____, 19 83, and that said person remain under supervision within the limits of the _____ ~~MAXIMUM~~ WASH METRO AREA _____ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until FEBRUARY 4, _____, 19 89; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this 29th _____ day of SEPTEMBER _____, 19 83.

**Special Condition: Narcotic Surveillance**

The above-named was released on the 28 day of October, 19 83

Charles S. Lindsay
Administrator

**Exhibit B**

81—P5804

 

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to <u>1010 North Capitol St., N.W.</u> Department of Corrections, Room _____, for my final instructions.

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

| _Richard J. Campbell_ | _167-651_ | _10-27-83_ |
|---|---|---|
| Signature of Parolee | D.C.D.C. | Date |

| _Jerry M. Strawbury_ | _CPP_ | _10.27.83_ |
|---|---|---|
| Signature of Witness | Title | Date |

**Exhibit** _B_

7

IDPS-270

 

# 𝔅𝔬𝔞𝔯𝔡 𝔬𝔣 𝔓𝔞𝔯𝔬𝔩𝔢
# 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔠𝔬𝔩𝔲𝔪𝔟𝔦𝔞

## WARRANT

☐ FYCA*
☒ Adult
☐ Both FYCA & Adult

Warrant No. __PE14461__

To:  Any Federal Officer
     Any Officer of the D.C. Metropolitan Police Department
     Any Officer of the D.C. Department of Corrections
     Any Police Officer

FBI No. __Unknown__
PDID No. __314-585__

WHEREAS _____ __Campbell, Richard__ _____, DCDC No. __167-651__

is under sentence in the District of Columbia for the crime of __CPWOL__

and was on the __28th__ day of __October__ 19 __83__ released on parole from the __D. C. Jail__

AND WHEREAS reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,

YOU ARE HEREWITH COMMANDED TO TAKE THE SAID PRISONER, WHEREVER FOUND IN THE UNITED STATES AND RETURN SAID PRISONER TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS.

WITNESS my hand and the seal of this Board this __26th__ day of __August__ 19 __85__.

_____
Member, D.C. Board of Parole

*For Federal Youth Corrections Act cases only:

This warrant expires at 12:01 a.m., _____ 19 _____, and the person named must not be held beyond that time.

**Exhibit** __C__

𝒳

:v 2/82
3-41

 

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**B O A R D   O F   P A R O L E**
ROOM 503
614 H STREET, N.W.
WASHINGTON, D.C. 20001



## CHARGE SHEET

NAME:    CAMPBELL, Richard                DCDC# 167 651

PAROLE OFFICER:    Abron

DATE OF REPORT:    8-20-85

DATE WARRANT ISSUED:    8-26-85 Issue warrant to be executed

INSTRUCTIONS:   HEIGHT: 5'8   WEIGHT: 165   HAIR STYLE: Short Bush
  FACIAL HAIR: Light Bearn

The charges on which the violator warrant is based are noted
below.  If the Board is apprised of new violations, this charge
sheet will be  updated and these new charges discussed at either
the preliminary interview or the revocation hearing.

(1).  Subject is in violation of condition #9, in that he was arrest
on 12-20-83 and charged with UCSA-Heroin Distribution, UCSA-Dilaudid
and Tampering with Physical Evidence.  On 6-28-85, subject was found
guilty by jury and on 8-15-85, Judge Sylvia Bacon imposed a sentence
of 5-15 years.

**Exhibit** C

9

 

GOVERNMENT OF THE DISTRICT OF COLUMBIA
## BOARD OF PAROLE
ROOM 300
420 · SEVENTH STREET, N. W.
WASHINGTON, D. C. 20004



## ORDER OF REVOCATION

RE:    **Campbell, Richard**

DCDC#    **167 651**

Having heard the case of the above-named and having ascertained through investigation and evidence satisfactory to the Board that the following conditions of Parole heretofore granted (or Mandatory Release imposed by Law) have been violated:

#9:  New Sentence (5 to 15 Yrs.)

And then after giving consideration to other available options for action but finding that such are not now indicated, the Board directs that the Parole/Mandatory Release heretofore granted be revoked.

SO ORDERED BY:

D. C. BOARD OF PAROLE

DATE:  October 7, 1985

85—7P623 wd-137

Exhibit D

 

PB-16
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE
Certificate-Adult-6608-90

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that Campbell, Richard _____ D.C.D.C. _____ 167-651 _____ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on _____ May 2, _____, 19 __ 90 __, and that said person remain under supervision within the limits of the _____ Washington;Metro Area _____ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until _____ June 27, _____, 19x __ 2000 __; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this _____ 17th _____ day of _____ October _____, 19 __ 89 __.

The above-named was released on the _____ day of _____, 19____.

_____
Administrator

**Exhibit** _E_

8-3469

  

GOVERNMENT OF THE DISTRICT OF COLUMBIA
B O A R D   O F   P A R O L E
717 14TH STREET N.W. SUITE 300
WASHINGTON, D.C. 20005

TRANSFER OF SUPERVISION REQUEST

D.C. Board of Parole

DATE: ___March 11, 1991___

Re: Campbell, Richard
DCDC: 167 651

_____ 1. The attached is for your information, attention and reply.

_____ 2. Please make an investigation and forward your report
directly to: _____.

__x__ 3. Please investigate the proposed home and employment plan
and advise if you will accept supervision.

_____ 4. Kindly advise us as to the present status of our
investigation request of _____.

_____ 5. Please submit a current Progress and Conduct Report.

_____ 6. Your report of _____ has been reviewed by the
District of Columbia Parole authorities with the following
decision: _____

_____

_____ 7. Based on the attached, we are closing our interest in this
case.

__x__ 8. Other:
Subject has requested to transfer supervision to the State
of  Kentucky

Prepared by: ___Willie J. Spruill___
Parole Officer

Elias E. Kibler, Director.
Parole Supervision Services
Deputy Compact Administrator

Exhibit ___F___






# The Board of Parole
## of the
## District of Columbia
### NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 167-651      **NAME** RICHARD J CAMPBELL

**DOB** 01/03/1947      **SSN** 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      **LOCATION** ADULT PAROLE

**DOCKET** D9204-0031      **CONSIDERATION TYPE** N:IC/REQ ST SUP

The District of Columbia Board of Parole issues the following **ORDER:**

APPROVE INTERSTATE COMPACT PAROLE SUPERVISION OF DC PAROLEE BY KENTUCKY

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

04/27/1992
Date

_Egias Athyman_ 3

Chairman
on behalf of the Board of Parole

Seal

NOA Date 5/18/92 by _S.G._

F H
4-29-92

[ Parole Determination File ]

Exhibit __F__

_13_

COMMONWEALTH OF KENTUCKY

PAROLE BOARD

**RESULTS OF PRELIMINARY PAROLE REVOCATION HEARING**

**IN THE CASE OF:** Campbell, Richard          **NUMBER:**  167651 (Washington D.C.)

**DATE:** 7/10/96                              **DATE PAROLED:** 5/2/90

**LOCATION:**  Lexington, KY

**PAROLE OFFICER SUBMITTING CHARGES:**    Carol Stewart

**ATTORNEY FOR PAROLEE:**          Steve Wides
                                   500 Security Trust Building
                                   271 W. Short St.
                                   Lexington, KY  40507


**ALLEGED VIOLATIONS:**

1. Use of Marijuana 1/23/96, 8/10/95 and 1/22/96 (csd);
2. Failure to complete Dismas Day Treatment Program (csd);
3. Failure to complete Dismas Day Treatment on 6/21/96 (DISMISSED);
4. Use of Marijuana 4/24/96 and 6/17/96.

### DECISION OF ADMINISTRATIVE LAW JUDGE

**FINDINGS OF FACT:**

From the testimony of the Parole Officer and documentation admitted into evidence it was found that Mr. Campbell was paroled for Washington D.C. to Kentucky on 5/2/90. A wavier of preliminary hearing signed by Mr. Campbell on 2/12/96 wherein he admitted his guilt to the violations in Counts #1 and #2 was admitted into evidence. Violation #3 was DISMISSED because no one from the Dismas Day Treatment was present for testimony and cross-examination.  The testimony of Officer Stewart established that Mr. Campbell admitted using Marijuana on the dates alleged in Count #4.

**FINDINGS IN MITIGATION:**

Officer Stewart testified that Mr. Campbell completed the halfway back portion of the Dismas House Program but failed to complete the Day Treatment Aftercare portion. Mr. Campbell testified that he works for the Lexington Transit Authority and he regularly takes random drug screens.  He denied admitting to Officer Stewart that he had used drugs as alleged in Count #4.

**CONCLUSIONS OF LAW:**

The attached documents were admitted into evidence.  The testimony of the Parole Officer and the documentation submitted established that the parolee has violated his parole.  This matter is referred to the Parole Authorities in Washington D.C. for their determination of the appropriate course of action to take considering Mr. Campbell's parole violations by:

1. Use of Marijuana (3 cts);
2. Failure to complete Dismas Day Treatment Program;
3. Use of Marijuana (2 cts).

Given under my hand this, 22nd day of July , 1996.

_____
Michael O'Connor, Administrative Law Judge
MRO/bsh



**Exhibit __G__**




P:508
2/93

COMMONWEALTH OF KENTUCKY
**DEPARTMENT OF CORRECTIONS**
DIVISION OF COMMUNITY SERVICES & FACILITIES
FRANKFORT, KY 40601

PAUL ISAACS
SECRETARY

JACK C. LEWIS
COMMISSIONER

DATE: ___August 7, 1996___

TO:___Elias Kibler___ , ___Washington, D.C. Compact___
       (Administrator)                    (State)

| REASON | NAME | STATE NO. |
|--------|------|-----------|
| 7, 10 | Richard Campbell <br> PAROLEE _X_ PROBATIONER___ (check only one) | Washington D.C. 167651 |

1. Social history and records check requested. See attached request.
2. Please investigate attached program and advise if acceptable for transfer.
3. **REJECTED** for supervision based on the attached report ( ) Case material attached.
4. **ACCEPTED** for supervision. ( ) Subject already in Kentucky. ( ) Report to:

_____

5. Please assist our officer with the attached request.
6. The attached material is for your information/as per your request.
    ( ) please reply          ( ) no reply necessary
7. **VIOLATION** report attached.  (X) **WARRANT** requested.  (X) Follow-up report.
8. Based on your violation report:
    ( ) warrant attached
    ( ) continue supervision
    ( ) preliminary hearing requested
    ( ) advise when subject ready to be returned
9. Based on the attached: ( ) we are closing interest  ( ) you may close interest.
10. Other/Comments
    __Please respond ASAP.  We are currently detaining him.  Thanks__
    _____

Kentucky appreciates your assistance in this matter. If this office can be of any
further assistance, please advise.

Administrator

Attachments
      Kentucky Report
cc: file

"AN EQUAL OPPORTUNITY EMPLOYER M/F/D" **Exhibit __H__**

 

## *The Board of Parole*
### *of the*
### *District of Columbia*

## NOTICE OF BOARD ORDER

Order # 1 of 2

In reference to:

**DCDC** 167-651              **NAME** RICHARD J CAMPBELL

**DOB** 01/03/1947            **SSN** 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        **LOCATION** KY

**DOCKET** D9607-0087         **CONSIDERATION TYPE** N:RAV

The District of Columbia Board of Parole issues the following **ORDER:**

APPROVE RETURN FROM INTERSTATE COMPACT PAROLE SUPERVISION
TO DC SUPERVISION OF DC PAROLEE

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

ILLEG USED CONTROL-DANGER SUBSTANCE *(5cts.)*
FAILED TO CARRY OUT PO INSTRUCTIONS

*Margaret Quick* -s

08/12/1996                                    Chairman
_____                          on behalf of the Board of Parole
Date

Seal                          [ Parole Determination File ]

NOA Date _8/20/96_ by _YB_
_SB 8/14/96_

**Exhibit** _I_

 

## DISTRICT OF COLUMBIA BOARD OF PAROLE

### WARRANT

Number PE-30382-96

WIN. # - W0099651

TO: Any Officer of the D.C. Department of Corrections
Any Police Officer or Federal Officer Authorized to Serve Criminal Process

RE: NAME: Campbell, Richard *James*                DCDC # 167-651

ALIAS: _____                PDID # 314-585

_____                FBI # 50-495-H

LAST KNOWN ADDRESS: 611 North Broadway                DOB: 01-03-47

Lexington, Kentucky                RACE: Black    SEX: Male

PAROLE OFFICER: Carol Stewart (Kentucky)                HGT: 5'9  WGT: 140

SENTENCE TYPE: _X_ Adult   ___YRA   ___FYCA*   ___YRA & Adult   ___FYCA & Adult

~~Subject is at large~~   ✓ Subject is confined in *Fayette County Detention Center, Lexington, Kentucky*

*(left margin, vertical)* EXECUTED: 8-28-96   CDF INTAKE / COMP. RETURN   JTE/MPB REPT. BY F.S.   REC'D: 9-8-96

WHEREAS the above-named person is under sentence in the District of Columbia

for the crime(s) of ____ Poss Heroin/Carrying Pistol w/o License ____ and was

on the __2nd__ day of ____ May ____, 19 90, released on parole from the

_____ CCC #1 _____,

AND WHEREAS reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,

YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS, *EXCEPT IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL, STATE OR DISTRICT OF COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT. PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE. IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

A TRUE COPY

WITNESS my hand and the seal of this Board this __12th__ day of ____ August ____, 19 96.

*Michael Green*

Director, Michael Green
Parole Determination
D.C. Board of Parole

_____
Member, D.C. Board of Parole

* FYCA case ONLY: This warrant expires at 12:01 a.m. on _____, 19____ and the person named MUST NOT be held beyond that time.

Exhibit J

*17*



GOVERNMENT OF THE DISTRICT OF COLUMBIA
# BOARD OF PAROLE
717-14TH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005

## STATEMENT OF ALLEGED VIOLATIONS

**Date:** 8/15/96

**PAROLEE:** Campbell, Richard *James*    **DCDC #** 167-651

**ALIAS(ES):** _____    **PDID #** 314-585

**FBI #** 50-495-H

**LAST KNOWN ADDRESS:** 611 North Broadway    **DOB:** 1/3/47

Lexington, Kentucky    **RACE:** Black    **SEX:** MAle

**HGT:** 5'9    **WGT:** 140    **EYES:** Brown    **HAIR:** Black    **COMPLEXION:** DRK

**IDENTIFYING SCARS/MARKS:** _____

**SENTENCE TYPE:** X Adult    ___YRA    ___FYCA    ___YRA & Adult    ___FYCA & Adult

~~Subject is at large~~    X Subject is confined in *FAyette County Detention Center, Lexington, Kentucky*

**PAROLE OFFICER:** Carol Stewart (Kentucky)    **PAROLE UNIT:** _____


1. Subject illegally used controlled dangerous substance as evidenced on 8/10/95, 1/22/96, 1/23/96, 4/24/96 and 6/19/96.  (406) 5cts.


2. Subject failed to carry out Parole Officer instructions.  He failed to complete the Dismas Day Treatment as of 06-21-96.  (1003)


Exhibit    J




# *The Board of Parole*
## *of the*
# *District of Columbia*

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 167-651                **NAME** RICHARD J CAMPBELL

**DOB** 01/03/1947              **SSN** 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      **LOCATION** OCCOQUAN FACILT

**DOCKET** H9610-0084           **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); GRANT
REPAROLE IMMEDIATELY

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

PSYCHOLOGICAL COUNSELING
NARCOTICS ANONYMOUS

Remarks:

ILLEG USED CONTROL-DANGER SUBSTANCE

10/29/1996
_____
Date

NOA Date _10/29/96_ by _____

Seal

*Margaret Quick* - 1
_____
Chairman
on behalf of the Board of Parole

[ Parole Determination File ]

**Exhibit** _K_____

PB-16
(Revised 10/81)




# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

### ADULT

#### API # 18244-96

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

Campbell, Richard _____ D.C.D.C. __167-651__ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on ___IMMEDIATELY___, ~~19~~, and that said person remain under

supervision within the limits of the __Washington, Metro Area__ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until __June 27, 2000__, ~~19~~; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this ___29th___ day

of __October__, 19__96__.

The above-named was released on
the _____ day of _____, 19____

_____
_Margaret Quick_ - 1

_____
Administrator

Exhibit ___L___                                    81—P5804

 

## DISTRICT OF COLUMBIA BOARD OF PAROLE



Number __PE-33451-98__

**TO:** Any Officer of the D.C. Department of Corrections
Any Police Officer or Federal Officer Authorized to Serve Criminal Process

**RE:** NAME: __Campbell, Richard__                    DCDC # __167-651__

ALIAS:_____    PDID # __314-585__

_____    FBI # __504-95H__

LAST KNOWN ADDRESS: __5810 4th Street, N.W.__    DOB: __01-03-47__

__Washington, D.C.  20011__    RACE: __Blk__    SEX: __M__

PAROLE OFFICER: __Valerie L. Yancey__    HEIGHT: __5'8"__ WEIGHT: __140__

SENTENCE TYPE: __X__Adult  ___YRA  ___FYCA*  ___YRA & Adult  ___FYCA & Adult

SUBJECT'S LOCATION: __X__ At large    ___ Confined at _____

WHEREAS the above-named person is under sentence in the District of Columbia

for the crime(s) of __UCSA Poss. of Heroin/CPWOL__                    and was

on the __29th__ day of __October__, 19 __96__, released on parole from the

__Occoquan Facility__,

AND WHEREAS reliable allegations have been filed with the D.C. Board of Parole
that said paroled prisoner has violated the conditions of parole and is therefore
deemed to be a fugitive from justice,

YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED
STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS, *EXCEPT IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF
FEDERAL, STATE OR DISTRICT OF COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.
PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL
WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT
SHALL TAKE PRECEDENCE. IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS
WARRANT IS EXECUTED.*

WITNESS my hand and the seal of this Board this __24th__ day of __April__,

19 __98__.

_____
Member, D.C. Board of Parole

* **FYCA** case ONLY: This warrant expires at 12:01 a.m. on _____, 19_____
and the person named MUST NOT be held beyond that time.

BOP.280  7/20/93

Exhibit _____



## GOVERNMENT OF THE DISTRICT OF COLUMBIA
PAROLE SUPERVISION SERVICES DIVISION
DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE N.W., 2ND FLOOR
WASHINGTON, DC 20001





April 9, 1998

## STATEMENT OF ALLEGED PAROLE VIOLATION(S)

PAROLEE: Campbell, Richard James _____    DCDC# 167-651 _____

ALIAS (ES) _____    PDID# 314-585 _____

_____    FBI# 504 95H _____

LAST KNOWN ADDRESS: 5810 4ᵗʰ St., NW    DOB: 1/3/47 _____

Wash., D.C. 20011    RACE: BLK ___ SEX M ___

HGT: 5' 8" WGT: 140 EYES: BRO    HAIR: BLK COMPLEXION: DRK ___

IDENTIFYING SCARS/MARK: _____

SENTENCE TYPE: X ADULT __YRA __FYCA __YRA &ADULT __FYCA & ADULT

X SUBJECT IS AT LARGE ___SUBJECT IS CONFINED IN_____

PAROLE OFFICER: Valerie L. Yancey ___    PAROLE UNIT: GSU 2 _____

The parolee identified above is alleged to have committed the following violation(s) of parole:

1. The subject failed to report as directed on 1/7/98 and 1/28/98. (Code# 1004)

2. The subject illegally used a controlled substance, marijuana on or about 9/29/97 and 10/29/97. (Code# 0406)

SSN: 579 56 7213

**Exhibit** _M_



*DK 6-2-98*



*SØ 6-10-98*

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## PAROLE SUPERVISION SERVICES DIVISION
### DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE N.W., SUITE 2134
WASHINGTON, D. C. 20001

PSS Form 1-C

MEMORANDUM TO: Board Members    DATE: <u>May 29, 1998</u>

FROM:    <u>Valerie L. Yancey</u>    PAROLE UNIT:    2
             Parole Officer

SUBJECT: Update to Warrant Issued Under TR. Directive # 001

DATE WARRANT ISSUED: <u>4/24/98</u>

RE: <u>Campbell, Richard</u>    <u>167-651</u>    <u>314-585</u>
         Name    DCDC    PDID

ADDITIONAL VIOLATIONS:    Yes    **X** None

ACTION RECOMMENDED:    Warrant remain in effect   **X** OAR

Please be advised the subject was arrested on 5/24/98 and charged
with Driving without a Permit in T3487-98. He was released on
personal bond and directed to post and forfeit $75.00 by 6/25/98.
As a result of this arrest, he was also taken into custody on an
outstanding Parole Violation Warrant. *O901*

APPROVED:    Respectfully submitted,

McKinley Rush, Jr.    Valerie L. Yancey
Supervisory Parole Officer    Parole officer
GSU #2

*4·24-98  Issue Warrant*

Exhibit _____ N





# The Board of Parole
### *of the*
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC  167-651

DOB  01/03/1947

DOCKET  H9808-0006

**NAME**  RICHARD J CAMPBELL

**SSN**  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      **LOCATION**  OCCOQUAN FACILT

**CONSIDERATION TYPE**  H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
CONSIDER FOR REPAROLE BY 11/23/1999

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

NARCOTICS ANONYMOUS
PROGRAM PARTICIPATION
NO NEW DISCP. REPORTS

Remarks:

FAILED TO REPORT AS DIRECTED
ILLEG USED CONTROL-DANGER SUBSTANCE
FAILED TO OBEY ALL LAWS

08/26/1998
_____
Date

Seal

NCA Date  9-22-98  by  CM

*Margaret Quick* - B
_____
Chairman
on behalf of the Board of Parole

[ Parole Determination File ]
YANCEY, V

**Exhibit** ___O___

DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
FACE SHEET No. 2

*(handwritten annotation across top)* 2 PAROLE 10-29-96 VIOLATED RETURNED ON 33451-98
Date Prepared 6-9-98 (Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | | Race | Sex |
|---|---|---|---|---|---|---|---|---|
| 167651 | CAMPBELL, RICHARD | | | | | | B | M |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| | | | | | | 1-3-47 | WASHINGTON, D.C |

| | |
|---|---|
| Offense | D.C. PAROLE VIOLATOR |
| Case Number | POSS OF HEROIN CPWOL |
| Sentence (Yrs., Mos., Days) | OWES 3,646 DAYS |
| Warrant Executed / Sentence Begins (Mo. Da. Yr.) | 05-25-1998 |
| Full Term Date (Mo., Da., Yr.) | 05-17-2008 |
| Short Term / M.R. Date (Mo., Da., Yr.) | 10-02-2005 |
| Parole Eligibility Date (Mo., Da., Yr.) | PAROLE BOARD'S DISCRETION |
| Max. Supervision Date (Mo., Da., Yr.) | N/A |
| Statutory Good Time Rate / Month | 958 DAYS |
| Plea | — |
| Committing Judge | — |
| Defense Attorney | — |
| Initialed By: | JLC |

## DETAINERS

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |
| | | |

## CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| | |
| | |
| | |
| | |
| | |

## REMARKS

PURSUANT TO U.S. PAROLE COMM VS NOBLE

PAROLE VIOLATOR TERM CONVERTED = 9 YRS 11 MOS 23 DAYS

YELLOW COPY TO ADP

Exhibit P

03/21/00 22:12:00     U S PAROLE->     2026700161 RightFAX     Page 002

**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **CAMPBELL, Richard,** REG No. **06748-007** (DCDC No. 167-651), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **March 24, 2000,** and that said prisoner is to remain within the limits of the Washington, D.C. Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) to and including **May 15, 2008.**

Given under the hands and the seal of the United States Parole Commission on **March 21, 2000.**
UNITED STATES PAROLE COMMISSION

*Mary Jo Williams*

By: Mary Jo Williams, Case Analyst

Docket/Case Number: **F7351-83**
Initial Risk Category: SFS - 2
**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_____     06748-007     167-651
Name                                             DCDC No.

                                                                              3/24/00
Witnessed: _____, Administrative Assistant     _____
           Name and Title                                    Date

The above-named person was released on the 24 day of March 2000 with a total of 2974 days remaining to be served.

_____
Official Certifying Release

BOP-Hope Village CCC

**Exhibit Q**



# Memorandum

| Subject | Date |
|---|---|
| **Campbell, Richard James**<br>**Reg. No. 06748-007**<br>**DCDC No. 167-651** | May 1, 2002 |

| To | From |
|---|---|
| Patricia L. Denton<br>Case Services Administrator<br>U.S. Parole Commission | Mary Jo Williams<br>Case Analyst<br>U.S. Parole Commission |

**SUMMARY**: On January 11, 2002, the Commission issued a *Summons to Appear for a Probable Cause Hearing* in the subject's case due to his continued substance abuse. The subject was not served the *Summons to Appear for a Probable Cause Hearing* and therefore did not report at the scheduled date. The subject's supervision officer has subsequently requested that the Commission issue a warrant. I recommend that the Commission decline the issuance of a warrant at this time. The subject should be given the opportunity to address his violation behavior through a summons. His supervision officer indicates that he has maintained employment. Efforts should be made by the supervision officer to serve the subject the summons.

**ANALYST RECOMMENDATION**: Decline the issuance of a parole violation warrant at this time.

Reviewer: ___✓Agree     ____ Disagree     ____ Discuss

Commissioner: ___✓ Agree     ____ Disagree     ____ Discuss

Comm/Designee: ____ Agree     ____ Disagree     ____ Discuss

**Commissioner/Designee**          5/3/2002
                                    **Date**

**Commissioner/Designee**          **Date**

**Exhibit**  R

21

**U.S. DEPARTMENT OF JUSTICE**                    **SUMMONS TO APPEAR**
UNITED STATES PAROLE COMMISSION                   **D.C. CODE OFFENDER**

Richard James Campbell
Reg. No. 06748-007
DCDC No. 167-651

The following charges will be considered at your probable cause hearing:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**. On the following dates, the subject submitted urine specimens which tested positive for the drugs specified:

      **Cocaine** - 8/06/01, 8/09/01, 8/20/01, 8/27/01, 9/06/01, 9/10/01, 9/13/01, 9/17/01, 9/20/01, 9/24/01, 10/1/01, 10/11/01, 11/5/01, 11/15/01, 11/26/01, 12/3/01, 12/20/01

This charge is based on information contained in the letters dated 8/28/01, 11/26/01, 1/18/02 and 4/26/02 from CSO Jackie Knightshade and corresponding laboratory reports.

**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 2 - Violation of Special Condition (DAPS)**. On the following dates, 10/4/01, 11/29/01, 12/17/01, 12/27/01, 12/31/01 and thereafter, the subject failed to keep scheduled appointments for submission of urine specimens. This charge is based on information contained in the letters dated 1/18/02 and 4/26/02 from CSO Jackie Knightshade and corresponding laboratory reports.

**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3 - Failure to Report to Supervision Officer as Directed**. On 1/7/02 and thereafter, the subject failed to report to his Community Supervision Officer as directed. This charge is based on information contained in the letters dated 1/18/02 and 4/26/02 from CSO Jackie Knightshade.

**I ADMIT [   ] or DENY [   ] this charge.**

<u>Notice of Procedural Rights</u>

A.   <u>Probable Cause Hearing</u>:

   1.   The purpose of the probable cause hearing is to determine whether probable cause exists for the charged violations of release.

   2.   At the hearing, you will be apprised of the information supporting the charges. You may be represented at the hearing by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you. You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance for such witnesses. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

   3.   At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charged violation(s). If no probable cause is found for all charges, the examiner will order the dismissal of the violation charges. If probable cause is found for any charge, the hearing examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). The hearing examiner may also recommend that the Commission issue a violator warrant and detain you on that warrant pending a revocation hearing.

B.   <u>Revocation Hearing</u>:

**Exhibit**   R

   1.   A revocation hearing is a final disposition of the violation charges.

   2.   At the hearing, you will be apprised of the information supporting the charges. You may be represented at the hearing by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you. You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance for such witnesses.

   3.   If, after a revocation hearing, you are found to have violated the conditions of your release, the Commission may: (1) restore you to supervision, and if appropriate (a) reprimand you, (b) modify your conditions of supervision, or (c) refer you to a residential community treatment center for all or part of the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release, in which case the Commission will decide when to consider you for further release. If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole, mandatory release, supervised release.

**U.S. DEPARTMENT OF JUSTICE**
UNITED STATES PAROLE COMMISSION

**SUMMONS TO APPEAR**
D.C. CODE OFFENDER

TO:    Richard James Campbell
       Reg No. 06748-007
       DCDC No. 167-651
       c/o Jackie Knightshade
       Community Supervision Officer
       D.C. Court Services & Offender Supervision Agency
       General Supervision Unit I - Team 30
       1230 Taylor Street, N.W.
       Washington, D.C. 20011

Evidence having been presented to the U.S. Parole Commission that you may have violated a condition or conditions of your release,

**You are hereby ordered** to appear before the Commission for a probable cause hearing at the District of Columbia Central Detention Facility, 1901 D Street, S.E., Washington, D.C., 20003 in the city of Washington, D.C. on the 17th day of May, 2002 at 12:00 noon to hear the charge(s) against you and to present your response thereto.

A summary of the charge(s) against you and an explanation of the Commission's hearing procedure and your rights under that procedure will be found on the second page of this summons.

**Failure to appear** as ordered or to contact your supervising officer in the event you will be prevented from appearing may result in the issuance of a warrant for your arrest and another release violation charge of failure to report as directed.

WITNESS my hand and the seal of this Commission this 1st day of May, 2002.

_____
Commissioner, U.S. Parole Commission

### RETURN AND ACKNOWLEDGEMENT OF SERVICE

I received this summons on _____, and on _____ at _____.

I served it upon the person of the above named releasee.

Signed: _____
        Community Supervision Officer

I received a copy of this summons, notice of the charges, and procedural rights on _____.

Signed: _____
        Releasee

**Exhibit R**

**I. PROBABLE CAUSE HEARING (SUMMONS)**

Name.............................: **Campbell, Richard**

Reg. No. .........................: **06748-007**

Type of Release ............: **Parole**

Date Summons Issued...: January 11, 2002

Hearing Date .......: May 17, 2002

Examiner..............: K. Wacker

CSO......................: **Jackie Knightshade**

---

## Attorney at Probable Cause Hearing:

[ ✓ ] PDS    [ ] Other    [ ] None

Name   R. Gorzalka

Address   688 3rd Ave E.P.W

Phone   202 6cc 8485

## Attorney Representing Parolee at Revocation Hearing:

[ ✓ ] PDS    [ ] Other    [ ] Unknown

Name   Same or Afart

Address

Phone

---

## I. Items Advised {Check that the parolee has been advised of the following two rights}:

[ ✓ ] Advised of Right to a Probable Cause Hearing   [ ✓ ] Advised of Right to Attorney

---

## II. Reason For Not Conducting Probable Cause Hearing

{If Probable Cause Hearing not conducted, indicate the reason}:

NA

[ ] Postponed to Next Docket {If so, provide reason for postponement and omit rest of form.}

   [ ] At Request of Attorney/Prisoner      [ ] Prisoner Unavailable

   [ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled {If so, skip to VI, Revocation Hearing.}

---

Richard Campbell                    Reg. No. 06748-007         Page 1 of 4

**Exhibit   S**

### III. Review of Charges

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**

[ ✓ ] **ADMITS**          [ ] **DENIES**

*PC*  Parolee Response: _Admit to sort of the particer._

_____

_____

_____

_____

[ ] **Probable Cause Found**. After considering the violation reports dated 8/28/01 and 11/26/01, and the parolee's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1.   Additional reasons for probable cause finding:

_____

_____

[ ] **NO PROBABLE CAUSE FOUND**

### IV. Additional Charges:

*(2) Violation of Special Condition (DAPS) — DENY — PC found add-unable to recall missing date*

*(3) Failure to Report to Supervision Officer as Directed — DENY No supporting evidence + I unable to recall — NO PC*

### V. Outcome of Probable Cause Hearing:

[ ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

     [ ] **Reinstate** to Supervision  or  [ ] **Close Case** *{If expiration date has passed}*

[ ✓ ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

     [ ✓ ] **Summon** to revocation hearing or [ ] **Terminate** revocation proceedings

Richard Campbell                     Reg. No. 06748-007              Page 2 of 4

**Exhibit** _S_

## VI. Adverse Witnesses ⬤tified by the Commission: ⬤

Name: Jackie Knightshade, CSO
Status: [ ✓ ] Approved     [   ] Not Approved     [   ] Pending Further Review

## VII. Adverse Witnesses Requested by Parolee:

Name: _____ *None* _____

Address: _____

Phone No. _____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial: _____

_____

Name: _____

Address: _____

Phone No. _____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial: _____

_____

Name: _____

Address: _____

Phone No. _____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial: _____

_____


Richard Campbell                     Reg. No. 06748-007          Page 3 of 4


**Exhibit** ___S___

**VIII.  Revocation Hear[ ]**

[ ✓ ] Local Revocation **or**    [ ] Combined Probable Cause/Local Revocation on:

**Location:** [ ] CTF [ ✓ ] DC Jail    **Date:** 7-29-02    **Time:** [ ✓ ] am    [ ] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:  A continuance must be requested in writing.  You may submit your requests via e-mail.
E-Mail Address:  continue.hearing@usdoj.gov**

_Additional Text:_

_signature_                                    5-17-02

_____            _____
Examiner                                        Date

**Disclosure Documents:**  Pre-Sentence Report, Summons dated 1/11/02, Summary of Charges for Summons dated 1/11/02, Parole Certificate dated 3/21/00, CSO Jackie Knightshade's letters dated 8/28/01 and 11/26/01 with attachments

**I acknowledge having received the above disclosure documents and a copy of this document.**

Have not yet rec'd above mentioned disclosure documents but are anticipated

_signature_        _signature_        5/17/02
_____            _____
Attorney/Parolee                                Date

Richard Campbell                    Reg. No. 06748-007        Page 4 of 4

**Exhibit ____S____**



| **U.S. DEPARTMENT OF JUSTICE** | **SUMMONS TO APPEAR** |
|---|---|
| UNITED STATES PAROLE COMMISSION | REVOCATION HEARING |

To:    Richard **CAMPBELL**
       Reg. No. 06748-007/DCDC No. 167-651
       c/o Jackie Knightshade, CSO
       General Supervision Unit I – Team 30
       Court Services & Offender Supervision Agency
           for the District of Columbia
       1230 Taylor Street, N.W.
       Washington, D.C. 20011

Evidence having been presented to the U.S. Parole Commission that you may have violated a condition or conditions of your release,

You are hereby ordered to appear before the Commission for a formal revocation hearing at the **D.C. Jail, (CDF), 1901 D Street, S.E., in the city of Washington, D.C., on the 29th day of July, 2002 at 9 o'clock a.m.** to hear the charges against you and to present your response thereto.

The charge(s) considered by the Commission, are the same as considered at the probable cause hearing on May 31, 2002.

**Failure to appear** as ordered or to contact your supervising officer in the event you will be prevented from appearing may result in the issuance of a warrant for your arrest and the forfeiture of time served if your release is revoked.

If your original sentence was imposed for violations of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.

WITNESS my hand and the seal of this Commission this **22ᵗʰ** day of July, 2002.

_John R. Simpson_

Commissioner, U.S. Parole Commission

### **RETURN**

I received this summons at _____ am/pm on _____, and on _____ at _____, I served it upon the person of the above named parolee.

_____

by:_____

At your hearing, you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence if those persons who have given information to the Commission upon which the above charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney of your choice, or, if you are unable to pay for counsel, an attorney can be appointed to represent you.

If you are found to have violated the conditions of your release, the Commission may:

**Exhibit** ___1___



(1) restore you to supervision, and, is appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder if your sentence; or

(2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for future release.

**Exhibit ___T___**

 

**U.S. Department    of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland   20815-7201

**Notice   of Action**

---

Name:  CAMPBELL, Richard

Register  Number:  06748-007

Institution:    D.C. Jail

DCDC No.: 167-651

---

In  the  case  of the  above  named  the  following  parole  action  was  ordered:

### DC  Local  Revocation/Summons:

Revoke parole. None of the  time  spent  on parole  shall  be credited.  Issue  arrest  warrant  to assume
custody.  Continue  to a presumptive  parole  after  the  service  of 16 months  from  the  execution  of the
parole  violation  warrant.  You  shall  be subject  to the  Special  Drug  Aftercare  Condition  which requires
that  you  participate  as instructed  by your  Supervision  Officer  in a program  (inpatient  or outpatient)
approved  by the  D.C. Court  Services  and  Offender  Supervision  Agency  for the  treatment  of narcotic
addiction  or drug  dependency,  which  may  include  testing  and  examination  to determine  if you  have
reverted  to the  use  of drugs.  You  shall  also  abstain  from  the  use  of alcohol  and/or  all other
intoxicants  during  and  after  the  course  of treatment.
**In  addition**,  it  is recommended  that  you  complete  the  500 Hour  Comprehensive  Drug  Treatment
Program  as provided  by the  Bureau  of Prisons.

### FINDINGS  OF FACT:

The  Commission  finds  as a fact  that  you  violated  the  condition  of release  as indicated  below:

Charge  No. 1: Use of Dangerous  and  Habit-Forming   Drugs
Basis: Your  admission  to the  examiner.

Charge  No. 2: Violation  of the  Special  Condition  of Drug  Aftercare

Basis: Your  admission  to the  examiner.

### REASONS:

Your  parole  violation  behavior  has  been  rated  as Category  One  severity  because  it involved
administrative   violations.   Your  new  salient  factor  score  is 2. As of your  hearing  date  of 07-29-2002,
you  have  been  in custody  for 0 months.   Guidelines  established  by the  Commission  indicate  a
customary  range  of 12-16 months  to be served  before  release.  After  review  of all relevant  factors  and
information  presented,  a decision  outside  the  guidelines  at this  consideration  is not found  warranted.

---

Date: August  1, 2002

Clerk:  adc

**USM-District    of Columbia   - District  Court**   Page  1 of 3

Exhibit

CAMPBELL.067



THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for an explanation of the Salient Factor Score and your item individual points.

cc:



U.S. Marshal
District of Columbia - District Court
333 Constitution Avenue, N.W.
Room 7337
Washington, D.C. 20001
Attn: Warrant Squad

CSS Management Group
Attn: Sharon Barnes-Durbin, SCSA
300 Indiana Avenue, NW
Second Floor, Suite 2149
Washington, DC 20001

Rosalyn Gonzalez
Federal Public Defender
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

Date: August 1, 2002                                            Clerk: adc

USM-District of Columbia - District Court    Page 2 of 3

CAMPBELL 067

Exhibit U

 

| Your Pts | SFS-98 Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2;Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than 30 days (adult or juvenile) None = 2;One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement, or escape status violator this time =1; Otherwise = 0 |
| 1 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from items A-E above is 9 or less) =1; Otherwise = 0 |
| 2 | Total Salient Factor Score (SFS-98) (sum of points for A - F above) |

| Points For SFS-98 Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Exhibit ___

CAMPBELL.067

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Campbell, Richard, Reg. No. 06748-007, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 5 to 15 years for the crime of PWID Heroin and was on 3-24-00 released on parole with 2974 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on August 1, 2002

_____
U.S. Parole Commissioner

Campbell, Richard
Reg. No. 06748-007

**Exhibit** _V_

 

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ............................. **Campbell, Richard**

Reg. No .......................... **06748-007**
FBI No............................. **50495H**
Birth Date....................... **1-3-47**
Race............................... **black**
Date ............................... **August 1, 2002**

Sentence Length............**5 to 15 years**
Original Offense ............**PWID Heroin**

Termination of Supervision..........**5-15-08**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date.............................**8-1-02**
Released .................................. **3-24-00**

## CHARGES:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** – The subject was revoked for Charge No. 1 on 8-1-02. This information is contained in Notice of Action dated 8-1-02.

**Charge No. 2 - Violation of Special Condition (DAPS).** The subject was revoked for Charge No. 2 on 8-1-02. This information is contained in Notice of Action dated 8-1-02.

**Probable Cause Hearing Is Not Required**

**Warrant Recommended By:**

Warrant Issued.................. **August 1, 2002**

**Deborah H. Dudley, Case Analyst**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **CSOSA, 300 Indiana Avenue**

---

Campbell, Richard
Reg. No. 06748-007

**Exhibit** _____ V _____

JUN. -04' 03 (WED) 13:01  P. C ●                    TEL:202 ● 0943          P. 014

## WARRANT For Return Of Prisoner Released To Supervision

Name:  **Campbell, Richard**
Reg. No. 06748-007

### UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

District of _Columbia_ ss:

Received this writ the _7_ day of _8_ 20_02_, and executed same by arresting the within-named _Richard Campbell_

this _2_ day of _June_ , 20_03_

at _____ and committing him to _DC Jail_

_Walsh_
*U.S. Marshal*

_DABhton_
*Deputy Marshal*

Further executed same by committing him to _____

at _____ on _____, 20_____ , the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
*U.S. Marshal*

_____
*Deputy Marshal*

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _8/1/02_

X _Richard J. Campbell_                    _6/2/03_
*Prisoner's Signature*                         *Date*

*(If prisoner refuses to sign, Marshal should so indicate.)*

**Campbell, Richard**
**Reg. No. 06748-007**              **Exhibit** __√__

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Campbell, Richard, Register No. 06748-007, (DCDC No. 167-651) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on October 2, 2004 and remain under parole supervision through August 1, 2011. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on October 1, 2004.

UNITED STATES PAROLE COMMISSION

By:    Dawn M. Booze-Hill, Case Services

Technician

Docket/Case Number: E7351-83
Initial Risk Category: SFS - 2

### Acknowledgement of Release Conditions

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

### Consent to the Disclosure of Drug/Alcohol Treatment Information

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____
Name                                     DCDC No.

Witnessed: _____
Name and Title                              Date

The above-named inmate was released on the _____ day of _____, 20_____ with a total of _____ days remaining to be served.

_____
Official Certifying Release

Queued: 10-01-2004 15:39:27 BOP-D.C. CCM |

**Exhibit** __W__

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Campbell, Richard, Reg. No. 06748-007, DCDC No. 167-651, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 15 years DC Code; 2987 days (Parole Violator Term) for the crime of Possession with Intent to Distribute Heroin and was on 10-2-2004 released on parole from CDC with 2494 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on July 30, 2007

_____
U.S. Parole Commissioner

Campbell, Richard
Reg. No. 06748-007    DCDC No. 167-651

**Exhibit** __X__



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name .............................. **Campbell, Richard**

Reg. No .......................... **06748-007**
DCDC No. ..................... **167-651**
FBI No .......................... **50495H**
Birth Date....................... **1-3-1974**
Race............................... **Black**

Date..........................................**July 30, 2007**
Termination of Supervision......**8-1-2011**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date .........................**4-25-2005**
Released ................................ **10-2-2004**

Sentence Length............**15 years (Original); 2987 days (Parole Violator Term)**
Original Offense ............ **Possession with Intent to Distribute Heroin**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Submit to Drug Testing.** Between 4-25-2005 and 6-8-2007, the releasee failed to submit urine specimens on 22 occasions. This charge is based on the information contained in the violation report dated 6-8-2007 from supervising officer Brita Williams.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** Between 5-23-2005 and 5-29-2007, the releasee submitted 40 urine specimens which tested positive for Cocaine.
This charge is based on the information contained in the violation report dated 6-8-2007 from supervising officer Brita Williams and corresponding drug report dated 6-19-2007.

**Campbell, Richard**
**Reg. No. 06748-007    DCDC No. 167-651**

**Exhibit**    X

I ADMIT [   ] or DENY [   ] this charge.

**Charge No. 3 - Failure to Report to Supervising Officer as Directed.**  The releasee failed to report to the supervising officer on 3-2-2007 and 4-16-2007 as directed.  This charge is based on the information contained in the violation report dated 6-8-2007 from supervising officer  Brita Williams.
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued................... **July 30, 2007**

**Stephen T. Nasko, Case Analyst Trainee**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit X-Team 21, 1230 Taylor Street**

---

Campbell,  Richard                    Exhibit ___X___
Reg. No. 06748-007    DCDC No. 167-651

AUG 15 2007 06:48 FR U S MARSHALS SERVICE 2023071936 TO USPC          P.04/07
AUG 14 2007 12:49 FR USM                        TO CELLBLOCK           P.05

**WARRANT For Return Of Prisoner Released To Supervision**

Name:  **Campbell, Richard**                    Institution:
Reg. No. 06748-007                              DCDC No.  **167-651**

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

District of _____ *COL* _____ ss:

Received this writ the __*30th*__ day of __*July*__, 20 *07*, and executed same by arresting the within-named __*Richard Campbell*__ this __*14th*__ day of __*August*__, 20 *07* at __*2pm*__ and committing him to __*DC JAI*__

_*George Watson*_
U.S. Marshal

_*Anthony Santoro*_
Deputy Marshal

Further executed same by committing him to _____
at _____ on _____, 20_____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated:   _*July 30, 2007*_

_*Richard G. Campbell*_                           _*August 14, 2007*_
          Prisoner's Signature                              Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

Campbell, Richard
Reg. No. 06748-007   DCDC No. 167-651

                                        ** TOTAL PAGE.05 **
                              Exhibit ____X____

## D.C. PROBABLE CAUSE HEARING DIGEST

Name..............................: **Campbell, Richard**

Reg. No. .........................: **06748-007**

Type of Release .............:**Parole**

Full Term Date When Warrant Issued..: **8-1-2011**

Date Warrant Executed.: *8·14·07*

Hearing Date........: *8·17·07*

Examiner..............: *P. Howiam*

Supervision Officer: **Brita Williams**

---

## Attorney at Probable Cause Hearing:

[ ✓ ] PDS      [ ] Other      [ ] None

Name  *R. Cranater*

Address _____

_____

Phone _____

## Attorney Representing Subject at Revocation Hearing:

[ ✓ ] PDS      [ ] Other      [ ] Unknown

Name _____

Address  *SAME*

Phone _____

---

## I. Items Advised *{Check that the subject has been advised of the following two rights}*:

[ ✓ ] Advised of Right to a Probable Cause Hearing      [ ✓ ] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}*:

[ ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

[ ] At Request of Attorney/Prisoner      [ ] Prisoner Unavailable

[ ] Other Reason: _____

[ ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

---

**Campbell, Richard**
Reg. No. 06748-007    DCDC No. 167-651    **Exhibit** ___Y___

 

## III. Review of Charges:

### Charge No. 1 - Failure to Submit to Drug Testing

[ ] ADMITS        [✗] DENIES

The Subject's Response:

_____NONE_____

_____

_____

_____

[✗] **Probable Cause Found**. After considering the violation report dated 6-8-2007, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

_____

_____

_____

_____

[ ] **No Probable Cause Found**

### Charge No. 2 - Use of Dangerous and Habit Forming Drugs

[ ] ADMITS        [✗] DENIES

The Subject's Response:

_____NONE_____

_____

_____

_____

[✗] **Probable Cause Found**. After considering the violation report dated 6-8-2007, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

_____

**Campbell, Richard**
**Reg. No. 06748-007    DCDC No. 167-651** Exhibit ___Y___

48

_____

_____

_____

_____

[  ] **No Probable Cause Found**
_____


**Charge No.  3 - Failure to Report to Supervising Officer as Directed**

[  ] **ADMITS**          [X] **DENIES**

The Subject's Response:
_____ NDNR _____

_____

_____

_____

[X] **Probable Cause Found.**  After considering the violation report dated 6-8-2007, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

_____

_____

_____

_____

[  ] **No Probable Cause Found**
_____


# IV.  Additional Charges:

_____

_____

_____

_____

**Campbell, Richard**
**Reg. No. 06748-007    DCDC No. 167-651**    Exhibit ___Y___

64

 

## V.  Outcome of Probable Cause Hearing:

[ ✓ ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[  ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

      [  ] **Reinstate** to Supervision  or  [  ] **Close Case** *{If expiration date has passed}*

[  ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

      [  ] **Summon** to revocation hearing or  [  ] **Terminate** revocation proceedings

Reason for Release/Summons: _____

_____

## VI.  Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Brita Williams
Status: ___✓___ **Approved**     _____ **Not Approved**     _____ **Pending Further Review**

## VII.  Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

_____

**Campbell,  Richard**
Reg. No. 06748-007    DCDC No. 167-651    **Exhibit** ___✓___ 

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____


Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____


## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____


Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____



## IX.    Revocation Hearing:

[ ✓ ] Local Revocation **or**        [ ] Combined Probable Cause/Local Revocation on:

Location: [ ] CTF  [ ] DC Jail   Date: _10/15/07_    **Time:** [ ] am  [ ✓ ] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov**

_____        _____
                    *Attorney/Prisoner*                                              *Date*

*Additional Text:*

_____        _____
                    *Examiner*                                                     *Date*

**Disclosure Documents:**  Warrant dated 7-30-2007, Warrant Application dated 7-30-2007, Violation Report dated 6-8-2007 with attachments, Parole Certificate dated 10-1-2004, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____        _____
                    *Attorney/Prisoner*                                            *Date*

_____

**Campbell, Richard**
**Reg. No. 06748-007    DCDC No. 167-654**   Exhibit ___Y___

Option A

## ADVANCED CONSENT TO EXPEDITED REVOCATION DECISION

### Bottom of Guidelines

I, _Richard Campbell_, Register No. _06748 007_, agree to an **EXPEDITED REVOCATION DECISION** as described below. I understand that the Commission is not obligated to render an Expedited Decision in my case. I also understand my consent does not constitute an enforceable agreement with respect to any action the Commission is authorized to take by law or regulation. By executing this form, I am advising the Commission, in advance of any possible offer, that I will accept the Expedited Decision described below. I understand if the Commission does not approve the examiner's recommendation for an Expedited Decision, I will be granted an in-person revocation hearing. I understand, therefore, by consenting to accept an Expedited Decision, I have not waived my right to a local revocation hearing (provided I qualify for such a hearing under Commission Rules and Procedures).

My Revocation Offense Severity has been tentatively determined as a Category One or Two. I also understand if I have committed disciplinary infractions or new criminal conduct, during any period of confinement that is credited toward my guidelines, the Commission may include rescission guidelines specified in 28 C.F.R. §2.36 in the Expedited Decision guideline range.

I understand, because it is not possible to compute my Salient Factor Score at the Probable Cause Hearing, the Commission will determine my guidelines at a later time.

I understand I cannot appeal the Expedited Decision provided in the Notice of Action issued as a result of my consent. If, however, I believe that the Commission has erred in determining the (1) Salient Factor Score, (2) Total Guideline Range, (3) credit toward the guideline range or (4) added release conditions, after I signed this advanced consent to an Expedited Decision, I may request that the Commission amend its decision.

**Exhibit** _Z_



Notwithstanding the undetermined guidelines, I agree to accept the Expedited Decision to revoke my parole/mandatory release/supervised release and forfeit all time spent on parole or mandatory release. I also agree to a parole date/term of imprisonment that will require me to serve no greater than the bottom of my guideline range.  If, however, the bottom of my guideline range is 0 months, I agree to a parole date/term of imprisonment that will require me to serve at least 2 but not more than 5 months.

I also agree to accept the following special conditions:

*Drug Aftercare*

Alleged Violator: _____Richard Campbell_____  _06748·007_
                           Print Name                              Register No.

                    X _Richard J Campbell_    _8/17/07_
                           Signature                                   Date

Attorney: _____    _8/17/07_
                           Signature                                   Date

USPC Examiner: _____    _8/17/09_
                           Signature                                   Date

**Exhibit  Z**



# ADVANCED CONSENT EXPEDITED REVOCATION
# WORKSHEET

### I.  Prisoner Identification:

Name...........................................Campbell, Richard
Reg. No. ....................................06748-007
DCDC No....................................167-651
PC Hearing Date:....................August 17, 2007
Examiner..................................Jeffrey S. Kostbar
**Sentence Type:           DC Parolable**
   Mandatory Release Date: ....August 25, 2012
   Full Term Date.....................June 11, 2014

Attorney .................................... Rosalyn Overstreet-Gonzalez, PDS

### II.   Charges

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Charge No. 3 - Failure to Report to Supervising Officer as Directed

### III.   Salient Factor Score:

0 - Item A        (9)
0 - Item B        (8)
1 - Item C
0 - Item D
0 - Item E
1 - Item F
2 - Total Score

### IV.   Guideline Parameters:

**Violation Severity............:**Category One severity because it involved  administrative violations.
**Guideline Credit:**
  1 – Month(s) in Custody From Warrant Execution to September 13, 2007
**Total Guideline Credit ...:**0  months
**Guidelines .......................:**12-16

### V.   Summary {Include original offense and number of prior revocations}:

Mr. Campbell is a 60 year old offender who was sentenced in 1983 to a term of 5-15 years for Possession With Intent to Distribute Heroin.  The subject was last paroled to the community on October 1, 2004.  Since that time, the subject has experienced a number of problems in complying with the demands of supervision.  His probation officer has attempted a number of sanctions which include placement in Second Genesis followed by referral to Secada House.  He

**Exhibit ___AA___**



was also placed on daily sanction on May 15, 2006. This subject was placed in the Blair House on August 19, 2006 and he successfully completed that program. Still, after each intervention, the subject seemed to resort to the norm and finds him self once again engaging in the use of drugs and failing to comply with other demands of supervision.

The subject's guidelines are 12-16 months and he has requested an Advance Expedited at 12 months. I concur and will so recommend.

JSK/SDS
September 17, 2007

**Exhibit** __AA__

56

 

U.S. Department of Justice                                      **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: Campbell, Richard                      Institution:   D.C.   Correctional   Treatment
Facility
Register Number: 06748-007
DCDC No: 167-651                             Date:          October 4, 2007

---

### ADVANCED CONSENT TO EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Advanced Consent to the Expedited Revocation you signed on August 17, 2007 and approved by the Commission on September 20, 2007:

Revoke parole. None of the time spent on supervision shall be credited. Continue to a presumptive parole on August 13, 2008, after the service of 12 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall be subject to the Special Mental Health Aftercare Condition that requires that you participate in an in-patient or an out-patient mental health program as directed by your Supervision Officer.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Charge No. 3 - Failure to Report to Supervising Officer as Directed

---

Queued: 10-04-2007 14:27:15 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General
Supervision Unit X-Team 21, 1230 Taylor Street | USM-District of Columbia - District Court, D.C. District Court | FPD-
District of Columbia, District of Columbia - DC |

Exhibit  BB



Basis for the above-stated finding(s): The evidence provided to the Commission.

<u>REASONS</u>:

Your parole violation has been rated as Category One severity because it involved administrative violations. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. Total Guideline credit included 1 month(s) in custody from the warrant execution to September 13, 2007. Your total sanction, including guideline credit, is 12 months.

After review of all relevant factors and information presented, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

       D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C. 20003

       General Supervision Unit X-Team 21
       CSOSA
       1230 Taylor Street, N.W.
       Washington, D.C. 20011

       Roaslyn Overstreet-Gonzalez
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: David Baldwin

Queued: 10-04-2007 14:27:15 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General
Supervision Unit X-Team 21, 1230 Taylor Street | USM-District of Columbia - District Court, D.C. District Court | FPD-
District of Columbia, District of Columbia - DC |

Exhibit _BB_

### SALIENT FACTOR SCORE (SFS-98)

**Your Pts**    **Salient Factor Score (SFS-98) Item Explanations**

0    A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0    B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

1    C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0    D - Recent commitment free period (three years)
     No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0    E - Probation/parole/confinement/escape status violator this time
     Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

1    F - Older offenders
     If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

2    **Salient Factor Score (SFS-98)** (sum of points for A-F above)



| Points For SFS Item C | | | |
|---|---|---|---|
| | Prior Commitments | | |
| Age | 0-1 | 4 | 5+ |
| 26 & Up | 2 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**Exhibit** _BB_