UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD JAMES CAMPBELL          :
Petitioner                      :
                                :
                                :   Civil Action No. 07-2013 (ESH)
    v.                          :
                                :
U.S. PAROLE COMMISSION, et. al.:
Respondents                     :

PETITIONER'S RESPONSE TO U.S. PAROLE
COMMISSIONS OPPOSITION TO PETITIONERS
PETITION FOR ISSUANCE OF A WRIT OF HABEAS CORPUS

INTRODUCTION AND ISSUES

Petitioner filing Pro Se, in forma Paupus continues to challenge his Illegal confinement, the Illegal increase in his maximum sentence of five (5) to fifteen (15) years imposed by the Honorable Judge S. Bacon upon the criminal violation of the D.C. Drug Statute 33 D,C. Code 541. Arrested in 1983, tried by Jury and found guilty as charged, Sentenced pursuant 24 D.C. Code 403 "Indeterminate Sentences; Life Sentence; Minimum Sentence.

PROCEDURAL HISTORY AND STATEMENT OF FACTS

Petitioner was paroled upon completion of the minimum portion of his imposed sentence by the D.C.Board of Parole. Petitioner enrolled in the then "Lorton Prison College Program and qualified to attend the University of the District of Columbia on Campus without any walk-a-ways or violations of the priviledge while remaining in prison, Para-Legal Studies. Upon release from penal custody petitioner appied and was approved to transfer his

(1)

parole custody to the State of Kentucky, County of Lexington where he obtained a Commercial Drivers License, applied and was hired by the Lexington Transit Authority as a Route Operator and upon his above average employment record applied and selected as a Transportation Supervisor within six(6) months of his employment, thereafter petitioner was approached withthe offer of Maintenance Supervisor with an increase in salary which he accepted.  Petitioner, after After Administration Violation while in Kentucky was ordered to return to the Custody of the D.C. Board of Parole and Supervision.  During supervision by D.C. Board of Parole, petitioner had not <u>forfeited</u> any Parole Custody time.  However upon the transition pursuant National Capital Revitalization and Self-Improvement Act of 1997 Law No. 105-33 §1123(a)(1), 111 Stat.712, 745 (effective 8-5-1997 the federal Parole Commission assumed the authority to Parole and Supervise the release of Parole Custody of D.C. Prisoners and thus began the systematic violations of the Constitutional rights of petitioner.

<u>PETITIONER MUST RECEIVE TIME CREDIT IN PAROLE CUSTODY</u>

A person jailed under a parole order suspending, cancelling revoking parole is not "an escapee and fugitive" within the meaning of a statute, relating to the effect of such suspenion" or revocation on the suspending of the "ORIGINAL" sentence.

The sentenced imposed at the time of a revocation of parole may not be more disadvantageous to the defendant than it could have been had it been imposed on the date of the crime. U.S. v. Paskow , 11 F.3d (9th Cir). Defendants original sentence determines length of term of parole (indirectly) or supervised release release (directly) and establishes how longdefendant may be required to serve following revocation in the case both parole and supervised release violations. Criminal Law Key no. 982.7 Pardon and Parole key no. 67  It is the original sentence that is executed when defendant is returned to prison after a violation of the terms of both parole and supervised release. Criminal Law key no. 982.9(8) Pardon and Parole Key no.72.1.

View that parole doesnt suspend sentence from running. Thw reasoning behind this rule is that the parolee is not during the time out on parole a free citizen or free of the sentence, but is still a prisoner notwithstanding that he or she is not physically in prison. American-Jurisprudence 2d. §155.

Petitioner has been in Custody either Penal Custody of Constructive Custody even  before the imposition of his 1983 arrest and 1985 conviction, therefore petitioner requires Credit, not forfeiture of served time.  In Appendi v. New Jersey, 530 U.S 466,490. 120 S.Ct. 2348, 147 L.Ed 2d. 435, This court decided. . that [o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the proscribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

Petitioner never forfeited Parole Custody time while supervised by the Local D.C. Board of Parole whereby the maximum sentence imposed remained June 2000. Only the U.S. Parole Commission Acts to violate petitioners Constitutional Rights.

### PAROLE CUSTODY TIME FORFEITURE VIOLATES THE EX POST FACTO CLAUSE AND DUE PROCESS OF THE U.S. CONSTITUTION

The sentence imposed at the time of a revocation of parole may not be more disadvantageous to the defendant than it could have been had it been imposed on the date of the crime. U.S. v. Paskow, 11 F.3d (9th Cir).

It is the original sentence that is executed when defendant is returned to prison after a violation of the terms of both Parole and Supervised release. Crim Law key No.982.7. Pardon Parole key no. 67. Defendants original sentence determines length of term parole(indirectly) or supervised release(directly) and establishes how long defendant may be required to serve following revocation in the case both parole and supervised release violations.

Aperson jailed under a parole order suspending, cancelling or revoking parole is not "an escapee and fugitive" within the meaning of a statute, relation to the effect of such suspension or revocation on the suspending of the original sentence, and such jail time must be credited as time served. . . . .

<u>24 D.C Code 221.03 JAIL TIME: PAROLE</u>   [formerly 24-431]

(a)  Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed.  When entering the final order in any case, the court shall provide that the person be given credit for the time spent in Custody or on parole as a result of the offense for which sentence was imposed.

Federal Courts are required to seek to uphold the Constitutionality of state statutes where possible so as to refrain from interfering with the democratic functioning of a states representative government.  <u>Northland Family Planning Clinic, Inc v. Cox,</u>  487 F.3d 323, (2007)

EX POST FACTO VIOLATIONS

U.S. Constitution Art I, §9 cl 3;  Art I §10 cl.2 "so much importance did the convention attach to [the Ex post facto prohibition] that it is found twice in the Constitution" <u>Kring v. Missouri,</u> 107 U.S. 221, 2 S. Ct. 443, 448, 27 L.Ed. 506 (1883). . . . . .

The Ban also restricts governmental powers by restraining arbitrary and potentially vindictive Legislation <u>Malloy v. South Carolina,</u> 237 U.S. 180, 183, 35 S. Ct. 507, 508, 59 L.Ed. 905 (1915); <u>Kring v. Missouri</u> supra  107 U.S. at 229, 2 S.Ct. 449;  Fletch v. Peck, 6 Cranch 87, 138, 3 L.Ed. 162 (1810).

The presence of discretion does not displace the protections of the Ex Post Facto Clause, however C.F. Weaver, 450 U.S. at 30-31, 101 S.Ct 960. The danger that legislatures might disfavor certain persons after the fact is present even in the parole context, and the Court has stated that the Ex Post Clause guards against such abuse. See Miller v. Florida, 462 U.S. 423, 429, 107 S.Ct. 2446, 96 L.Ed. 2d 351 (1987).

Article I of the Constitution provides that neither Congress nor any state shall pass any ex post facto law. U.S. Const. Art. I §9 cl.3 art I §10 cl 1. An Ex post facto law is not simply one that makes criminal an act that was lawful at the time it was committed, or a law that ~~increases-a-sentence~~ following the commission of the act for which punishment is imposed. The ex post facto provision applies to a wide range of changes affecting. . . . . and the mechanics of punishment.

Surely the increase by U.S. Parole Commission of petitioners original sentence imposed by Trial and Sentencing Court and affirmed by Court of Appeals violated the Ex Post Facto prohibition protected by the United States Constitution.

The Supreme Court first analyed the Constitutions ex post facto claue in Calder v. Bull, 3 Dall. 386, 1 L.Ed 648 (1788). There Justice Chase stated:
    I will state what Laws I consider ex post facto laws, within the words and the intent of the prohitition.
1. Every law that makes an action done before the passing of the

law and which was innocent when done, criminal, and punishes such action.

2nd     Every law that aggravates a crime, or makes it greater than it was, when committed.

3d.     Every Law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed.

4th.    Every Law that alters the Legal rules of evidence and receives less or different testimony, than the law required at the time of the Commission of the offense, in order to convict the offender. Id at 390 Justice Chase's formulation remains the core of the ex post facto prohibition. Miller v. Florida, 482 U.S. 423, 429-30, 107 S.Ct. 2446, 2450-51, 96 L.Ed 2d 251 (1987).

These cases hod that the ex post facto clause is violated when a parole violator is punished in a way that adversely effects his ultimate release date.

Fletcher v. District of Columbia, 391 F.3d 251 (D.C. Cir 2004). Holding: The Court of appeals, Ginsburg Chief Judge Held that: (1) whether retroactive applic ation of parole regulation in calculating parole eligibility date would violate Ex Post Facto Clause was dependant upon Whether application posed significant risk of increased punishment.

Petitioner is entitled to Credit for all the time spent in Custody while on Parole. Pursuant to "Certificate of Parole" and remain under parole supervision. Exhibit W of Parole Commissions Opposition.

(7)

This document transfers petitioner from Penal Custody to that of(Constructive Custody) Parole Custody whereby petitioners supervision is monitored and controlled by an agency of official within the Justice Departments United States Parole Commission Division.

Therefore, Petitioner was never a "free man" his Custody is controlled by the Contract pursuant "Certificate of Parole.

The Certificate of Parole, a contract between Parolee and Parole Commission is void of any "forfeiture of street time," however upon any violation of the Contractual Agreement, I may be sent back to prison is clearly the wording of this agreement. more important this document Certificate of Parole, must credit time served on parole, recognizing that parole is time in Custody.

Cruel and Unusual Punishment, double jeopardy and "Due Process with violation also of the ex post facto does exist as alleged in Petitioners original petition.

In respondents recalculation of petitioner Legally imposed sentence upon Administration Violations pursuant to Certificate of Parole, Due Process attaches when the original sentence is increased. Contrary to the U.S. Parole Commissions extension does violate Petitioners Constitutional Rights. Bono v. Benov, 197 F.3d 409 (9th Cir 1999)

The Fifth Amendment provision stating, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.

The Commission's illegal act of recalculating petitioner's maximum imposed sentence to re-include time spent on Parole in service of his original sentence and to re-serve this portion of his sentence, reek os double jeopardy violation. When a defendant challenges the constitutionality of his revocation proceedings, however he is challenging one aspect of the continuing criminal case against his. U.S. v. Wren 682 F. Supp. 1237 (S.D. Ga. 1988).

American Jurisprudence 2d. §155 View that parole doesnt suspend sentence from running. "The reasoning behind this rule is that the parolee is not during the time out on parole a free citizen or free of the sentence, but is still a prisoner notwithstanding that he or she is not physicall in prison.

The Court wxplained that the "controlling inquiry" is "Whether retroactive application of the change in a regulation respecting parole creates "a significient risk of increasing the measure of punishment attached to the covered crime." Id at 250, 120 S.Ct. at 1367-68. Garner v. Jones, 529 U.S. 244, 120 S. Ct. 1362, 146 L.Ed.2d 236 (2000).

After Collins, the focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of

(9)

disadvantage . . . . but on whether any such change. . . . increases the penalty by which a crime is punishable. Weaver v. Graham, 450 U.S. 24.

The Commissions support of U.S. Parole Comm'n v. Noble, 693 A 2d. 1084 (D.C. 1997) supports petitions claim of Constitutional violation. Davis v. Moore 772 A.2d 204 "we hold that Noble must be applied retroactively so long as it is constitutional to do so

    The Commissions argument fails to acknowledge that it is the effect, not the form, of the law that determines whether it is ex post facto.

    Critical to relief under the Ex post facto clause is not an individual's right to less punishment, but the lack of fair notice and government restraint when the legislature increases punishment beyond what was proscribed when the crime was consummated.

    The Constitution deals with substance not shadows. Its inhibition was levelled at the thing, not the name. It intended that the rights of the citizen should be secure against deprivation for past conduct by legislative enactment. under any form, however disguished. Cummings v. Missouri 4 Wall 277, 325, 18 L.Ed. 356 (1867).

Franklin v. Ridley 635 A2d 356, 358 (D.C. 1993) Luck v. District of Columbia, 617 A.2d 509, 514 and 514 n.6 (D.C. 1992) but merely recognized the general rule that a sentence of imprisonment could be served on parole as well as in prison. Parole remains in custody.

We held that the resulting increase in the "quantum of punishment" violated the Ex Post Facto Clause. 482 U.S. at 433-434, 107 S.Ct. at 2453.

Inthe light of the importance that the Framers placed on the ex post facto clause, we have always enforced the prohibition against, the retroactive enhancement scrupulously. Any statute that authorizes an encreased term of imprisonment for a past offense is invalid. So as not to "upset an interdependent sentencing structure." Dean v. United 666 A.2d 770, 772 (D.C. 1992).

Such actions by the U.S. Parole Commission offends "Due Process and the double jeopardy clause of the U.S. Constitution and reeks of retaliatory motive in extending the sentencing maximum srsurping authority of Trial and Sentencing Courts original jurisdiction.

(11)

WHEREFORE, Petitioner Prays that this Honorable Court shall Grant and Issue the "Writ of Habeas Corpus" and release petitioner from this illegal confinement based on this illegal increase of sentence that violates my Constitutional Rights.

Respectfully Submitted,

*Richard J. Campbell*
Richard J. Campbell

CERTIFICATE OF SERVICE

I, Richard J. Campbell, petitioner, do hereby Certify that a copy of the foregoing Response has been served via U.S. Mail to the District Court for the District of Columbia, 333 Constitution Ave, N.W. Washing, D.C., 20001 and the U.S. Parole Commission at 5550 Friendship Blvd. Chevy Chase, Md. 20815 on this 20th day of February 2008