UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD JAMES CAMPBELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-2013 (ESH) |
| ) | |
| UNITED STATES PAROLE, ) | |
| COMMISSION, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MEMORANDUM OPINION

Petitioner Richard James Campbell, proceeding *pro se*, seeks the issuance of a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  He claims that respondents have unlawfully

extended his sentence beyond its expiration date in violation of the Eighth Amendment and the

*Ex Post Facto*, Due Process, and Double Jeopardy Clauses of the Constitution.  Upon

consideration of the parties' pleadings and the entire record, the Court finds no ground for

issuing the writ and therefore will deny the petition.

### I.  BACKGROUND

On August 15, 1985, the Superior Court for the District of Columbia sentenced the

petitioner to a prison term of five to fifteen years for possession with intent to distribute heroin.

(Resp't Ex. A.)  Campbell was on parole on the date of sentencing, and the D.C. Board of Parole

("Board") issued a violation warrant seeking his return to custody. (Resp't Ex. C.)  After a

hearing on October 7, 1985, the Board revoked Campbell's parole. (Resp't Ex. D.)

Campbell was reparoled on May 2, 1990, with a sentence expiration date of June 27,

2000. (Resp't Ex. E.)  Campbell subsequently requested to transfer his supervision to the State of

Kentucky, and on May 18, 1992, the Board granted his request.  On July 22, 1996, the Kentucky

Board of Parole concluded that Campbell had failed to complete a required drug treatment

program and had used marijuana, and it therefore referred the matter to the Board. (Resp't Ex.

G.)  The Board ordered that Campbell be returned to D.C. supervision, and on August 12, 1996,

it issued a warrant for his arrest. (Resp't Ex. J.)  On October 29, 1996, the Board revoked and

immediately re-granted Campbell's parole, with the expiration date remaining as June 27, 2000.

(Resp't Exs. K and L.)

Campbell's parole officer reported new violations on April 9, 1998, and the Board issued

another warrant. (Resp't Ex. M.)  Campbell was taken into custody on May 24, 1998, after being

arrested for driving without a permit. (Resp't Ex. N.)  The Board conducted a hearing on August

26, 1998, and revoked Campbell's parole, recalculating his sentence "pursuant to" *United States*

*Parole Comm'n v. Noble*, 693 A.2d 1084 (D.C. 1997), which upheld the forfeiture of credit

towards sentence completion for time spent on parole. (Resp't Exs. O and P.)  Based on that

calculation, Campbell was reparoled on March 24, 2000, with a sentence expiration date of May

15, 2008. (Resp't Ex. Q.)

The United States Parole Commission ("Commission"), which had assumed jurisdiction

over Campbell pursuant to the National Capital Revitalization and Self-Government

Improvement Act of 1997, Pub.L. No. 105-33, § 11201, 111 Stat. 712, 734 (1997), charged him

with additional release violations on May 3, 2002.  On July 29, 2002, the Commission held a

revocation hearing, after which Campbell's parole was revoked and a warrant was issued to

return him to custody. (Resp't Exs. U and V.)   Campbell was paroled again on October 2, 2004,

with a sentence expiration date of August 11, 2001. (Resp't Ex. W.)

2

Yet again, parole violations were reported by Campbell's supervising officer on July 30, 2007. (Resp't Ex. X.)  The Commission found probable cause to believe that the violations had occurred, and Campbell consented to an expedited revocation decision. (Resp't Exs. Y and Z.) On October 4, 2007, his parole was revoked, his sentence expiration date was again recalculated, and he was returned to custody with a presumptive parole release date of August 13, 2008. (Resp't Exs. AA and BB.)  Petitioner filed this action on October 24, 2007.

## II.  LEGAL ANALYSIS

Petitioner contends that the forfeiture of his street time by the Commission extended his sentence beyond the maximum allowable under the law in violation of the *Ex Post Facto* Clause and the Fifth and Eighth Amendments to the Constitution. (Pet. Opp. at 8.)  He argues that his original sentence has been illegally increased, claiming that D.C. Code § 24-221.03 (formerly § 24-431) dictates that every person shall be given credit towards sentence completion for time spent on parole. (Pet. Opp. at 8.)

Petitioner fails to acknowledge, however, that the District of Columbia courts have firmly established that § 24-221.03 did not repeal D.C. Code § 24-406(a) (formerly § 24-206), which directs that "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. CODE § 24-206 (2001).  *See Noble*, 693 A.2d at 1094-1104, *opinion adopted* 711 A.2d 85 (D.C. 1998) (en banc) (holding that D.C. Code § 24-206 had not been impliedly repealed, and that it required forfeiture of street-time credit upon parole revocation); *McKee v. United States Parole Comm'n*, 214 Fed. Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206."). Upon each revocation, therefore, petitioner's sentence was not increased, but rather, the

3

Commission rescinded credit towards completion of that sentence for time spent on parole, as required by D.C. law.

Petitioner's argument under the *Ex Post Facto* and Due Process Clauses are also foreclosed by *Noble*. The *Ex Post Facto* Clause prohibits retroactive application of a law which increases the punishment for a crime that an individual has already committed. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). An unforeseeable interpretation of a statute that increases punishment, if applied retroactively, could violate due process. *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964). The D.C. Court of Appeals, though acknowledging that its *Noble* decision "contradicted expectations in the District that were encouraged by authoritative pronouncements and that were reasonably held," nonetheless determined that the decision was not so unexpected or unforeseeable as to offend the Constitution. *Davis v. Moore*, 772 A.2d 204, 217 (D.C .2001) (applying *Bouie*). The court noted that the Commission had an ongoing practice of withholding District of Columbia prisoner's street-time credit upon parole revocation, and a federal circuit had upheld that practice. *Id.* at 218-19 (citing *Tyler v. United States*, 929 F.2d 451 (9th Cir.1991)). The court concluded that the retroactive application of *Noble* "to persons who committed their offenses before the issuance of [the] decision" violated neither the Due Process Clause nor the *Ex Post Facto* Clause, and courts in this circuit have consistently agreed. *Id.* at 214-15. *See also Jones v. Bureau of Prisons*, 2002 WL 31189792, at *1 (D.C. Cir. Oct. 2, 2002) (citing *Davis* in denying certificate of appealability).

Petitioner also contends that forfeiture of his street-time credit violates the Eighth Amendment's prohibition against cruel and unusual punishment. (Pet. Opp. at 8.) The Eighth Amendment may be implicated where a punishment is grossly disproportionate to the

4

seriousness of the crime, *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and detention beyond the

expiration of a sentence may constitute cruel and unusual punishment if it is the result of

deliberate indifference to a prisoner's liberty interest or violates due process. *See Haygood v.*

*Younger*, 769 F.2d 1350, 1355 (9th Cir. 1985).  Petitioner's sentence has not, however, been

extended past its expiration, and the Board and the Commission, which have extended parole to

Campbell on five separate occasions and have revoked it only following a hearing on each

alleged violation, have not acted with deliberate indifference.  Petitioner was under no obligation

to accept parole, but the attachment of a condition that a violation of parole would result in loss

of credit towards the completion of his sentence does not violate Eighth Amendment standards.

*See Murphy v. Thompson*, 15 Fed. Appx. 417, 419 (9th Cir. 2001) (determining Eighth

Amendment's "deliberate indifference" standard was not violated by extension of petitioner's

parole release date); *Van Buskirk v. Wilkinson*, 216 F.2d 735, 738 (9th Cir. 1954) (finding no

cruel and unusual punishment where "the allowance of credit for time served outside the

penitentiary on parole status was conditioned on . . . good behavior" and the petitioner had "by

his own misconduct forfeited allowance for time served"); *United States ex rel. Lawson v.*

*Cavell*, 425 F.2d 1350, 1352 (3d Cir. 1970) (holding that application of Pennsylvania law

withholding credit for time on parole upon recommitment for a new crime did not amount to

cruel and unusual punishment); *O'Callahan v. Attorney General of the United States*, 351 F.2d

43, 44 (1st Cir. 1965) (finding no Eighth Amendment violation where statute gave no credit

towards sentence for petitioner's pre-violation parole time).

Petitioner's final argument is that the revocation of his street-time credit violates the

Double Jeopardy Clause of the Fifth Amendment. (Pet. Opp. at 9, 11.)  This clause, however, is

5

simply not applicable to parole decisions. *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980); *Maddox v. Elzie*, 238 F.3d 437, 447 (D.C. Cir. 2001).  Parole proceedings are not new prosecutions, but rather, they are continuations of the original prosecutions that resulted in parole. *See Hardy v. United States*, 578 A.2d 178, 181 (D.C. 1990) (collecting Fifth, Sixth and Eighth Circuit cases holding that jeopardy does not attach in parole revocation hearings). Accordingly, the Commission's lawful rescission of petitioner's street-time credit does not offend the Double Jeopardy Clause.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**, and the above-captioned case is **DISMISSED** with prejudice.  An order accompanies this Memorandum Opinion.

       /s/       

ELLEN SEGAL HUVELLE
United States District Judge

Date: March 20, 2008

6