UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD JAMES CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2013 (ESH) |
| | ) | |
| UNITED STATES PAROLE, | ) | |
| COMMISSION, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**AMENDED MEMORANDUM OPINION**

Petitioner Richard James Campbell, proceeding *pro se*, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that respondents have unlawfully extended his sentence beyond its expiration date in violation of the Eighth Amendment and the *Ex Post Facto*, Due Process, and Double Jeopardy Clauses of the Constitution. Upon consideration of the parties' pleadings and the entire record, the Court finds no ground for issuing the writ and therefore will deny the petition.

**I. BACKGROUND**

On August 15, 1985, the Superior Court for the District of Columbia sentenced the petitioner to a prison term of five to fifteen years for possession with intent to distribute heroin. (Resp't Ex. A.) At the time of his sentencing, Campbell was on parole for an earlier offense (Resp't Ex. B), and the D.C. Board of Parole ("Board") issued a violation warrant seeking his return to custody. (Resp't Ex. C.) After a revocation hearing, the Board revoked Campbell's

parole on October 7, 1985. (Resp't Ex. D.)

Campbell was paroled again on May 2, 1990, with a sentence expiration date of June 27, 2000. (Resp't Ex. E.)  Campbell requested transfer of his supervision to the State of Kentucky, which the Board granted. (Resp't Ex. F.)  On July 22, 1996, the Kentucky Board of Parole concluded that Campbell had failed to complete a required drug treatment program and had used marijuana, and referred the matter to the Board. (Resp't Ex. G.)  The Board ordered that Campbell be returned to D.C. supervision, and on August 12, 1996, it issued a warrant for his arrest. (Resp't Exs. I and J.)  On October 29, 1996, the Board revoked and immediately re-granted Campbell's parole, with the sentence expiration date remaining as June 27, 2000. (Resp't Exs. K and L.)

On April 9, 1998, Campbell's parole officer reported new violations and on April 24, 1998, the Board issued another warrant. (Resp't Ex. M.)  Campbell was taken into custody on May 24, 1998, after being arrested for driving without a permit. (Resp't Ex. N.)  The Board conducted a hearing on August 26, 1998, revoked Campbell's parole, and recalculated his sentence pursuant to *United States Parole Comm'n v. Noble*, 693 A.2d 1084 (D.C. 1997). (Resp't Exs. O and P.)  Campbell was reparoled by the United States Parole Commission (the "Commission")[1] on March 24, 2000, with a sentence expiration date of May 15, 2008. (Resp't Ex. Q.)

On January 11, 2002, the Commission issued a summons for a probable cause hearing charging Campbell with additional release violations.  (Resp't Ex. R.)  On May 17, 2002,

---

[1] The Commission assumed jurisdiction over all D.C. Code felony offenders pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11201, 111 Stat. 712, 734 (1997).

Campbell received a probable cause hearing and on July 29, 2002, a revocation hearing. (Resp't Exs. S and T.)  Campbell's parole was revoked and a warrant was issued to return him to custody. (Resp't Exs. U and V.)  Campbell was paroled again on October 2, 2004, with a sentence expiration date of August 1, 2011. (Resp't Ex. W.)

Yet again, parole violations were reported by Campbell's supervising officer on July 30, 2007, (Resp't Ex. X), and a probable cause hearing was held on August 17, 2007. (Resp't Ex. Y.)  Campbell consented to an expedited revocation decision in place of a revocation hearing. (Resp't Ex. Z.)  The agreement Campbell signed informed him that his acceptance would mean that he forfeited all time spent on parole. (*Id.*)  His new full term date was calculated to be June 11, 2014.  (Resp't Ex. AA.)  On October 4, 2007, Campbell's parole was revoked, his advanced consent to expedited revocation was approved, and he was returned to custody with a presumptive parole release date of August 13, 2008. (Resp't Ex. BB.)  Petitioner filed this action on October 24, 2007.

## II.  LEGAL ANALYSIS

Petitioner contends that the forfeiture of his street time by the Commission extended his sentence beyond the maximum allowable under the law in violation of the *Ex Post Facto* Clause and the Fifth and Eighth Amendments to the Constitution. (Pet. Opp. at 8.)  He argues that his original sentence has been illegally increased, claiming that D.C. Code § 24-221.03 (formerly § 24-431) dictates that every person shall be given credit towards sentence completion for time spent on parole. (*Id.*)

Petitioner fails to acknowledge, however, that the District of Columbia courts have firmly established that § 24-221.03 did not repeal D.C. Code § 24-406(a) (formerly § 24-206), which

3

directs that "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. CODE § 24-206 (2001). *See Noble*, 693 A.2d at 1094-1104, *opinion adopted* 711 A.2d 85 (D.C. 1998) (en banc) (holding that D.C. Code § 24-206 had not been impliedly repealed, and that it required forfeiture of street-time credit upon parole revocation); *McKee v. United States Parole Comm'n*, 214 Fed. Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206."). Upon each revocation, therefore, petitioner's sentence was not increased, but rather, the Commission rescinded credit towards completion of that sentence for time spent on parole, as required by D.C. law.

Petitioner's argument under the *Ex Post Facto* and Due Process Clauses are also foreclosed by *Noble*. The *Ex Post Facto* Clause prohibits retroactive application of a law which increases the punishment for a crime that an individual has already committed. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). An unforeseeable interpretation of a statute that increases punishment, if applied retroactively, could violate due process. *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964). The D.C. Court of Appeals, though acknowledging that its *Noble* decision "contradicted expectations in the District that were encouraged by authoritative pronouncements and that were reasonably held," nonetheless determined that the decision was not so unexpected or unforeseeable as to offend the Constitution. *Davis v. Moore*, 772 A.2d 204, 217 (D.C. 2001) (applying *Bouie*). The court noted that the Commission had an ongoing practice of withholding District of Columbia prisoner's street-time credit upon parole revocation, and a federal circuit had upheld that practice. *Id.* at 218-19 (citing *Tyler v. United States*, 929 F.2d 451 (9th Cir.1991)). The court concluded that the retroactive application of *Noble* "to

persons who committed their offenses before the issuance of [the] decision" violated neither the Due Process Clause nor the *Ex Post Facto* Clause, and courts in this circuit have consistently agreed. *Id.* at 214-15. *See also Jones v. Bureau of Prisons*, 2002 WL 31189792, at *1 (D.C. Cir. Oct. 2, 2002) (citing *Davis* in denying certificate of appealability).

Petitioner also contends that forfeiture of his street-time credit violates the Eighth Amendment's prohibition against cruel and unusual punishment. (Pet. Opp. at 8.) The Eighth Amendment may be implicated where a punishment is grossly disproportionate to the seriousness of the crime, *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and detention beyond the expiration of a sentence may constitute cruel and unusual punishment if it is the result of deliberate indifference to a prisoner's liberty interest or violates due process. *See Haygood v. Younger*, 769 F.2d 1350, 1355 (9th Cir. 1985). Petitioner's sentence has not, however, been extended past its expiration, and the Board and the Commission, which have extended parole to Campbell on five separate occasions and have revoked it only following a hearing on each alleged violation, have not acted with deliberate indifference. Petitioner was under no obligation to accept parole, but the attachment of a condition that a violation of parole would result in loss of credit towards the completion of his sentence does not violate Eighth Amendment standards. *See Murphy v. Thompson*, 15 Fed. Appx. 417, 419 (9th Cir. 2001) (determining Eighth Amendment's "deliberate indifference" standard was not violated by extension of petitioner's parole release date); *Van Buskirk v. Wilkinson*, 216 F.2d 735, 738 (9th Cir. 1954) (finding no cruel and unusual punishment where "the allowance of credit for time served outside the penitentiary on parole status was conditioned on . . . good behavior" and the petitioner had "by his own misconduct forfeited allowance for time served"); *United States ex rel. Lawson v.*

5

*Cavell*, 425 F.2d 1350, 1352 (3d Cir. 1970) (holding that application of Pennsylvania law withholding credit for time on parole upon recommitment for a new crime did not amount to cruel and unusual punishment); *O'Callahan v. Attorney General of the United States*, 351 F.2d 43, 44 (1st Cir. 1965) (finding no Eighth Amendment violation where statute gave no credit towards sentence for petitioner's pre-violation parole time).

Petitioner's final argument is that the revocation of his street-time credit violates the Double Jeopardy Clause of the Fifth Amendment. (Pet. Opp. at 9, 11.)  This clause, however, is simply not applicable to parole decisions. *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980); *Maddox v. Elzie*, 238 F.3d 437, 447 (D.C. Cir. 2001).  Parole proceedings are not new prosecutions, but rather, they are continuations of the original prosecutions that resulted in parole. *See Hardy v. United States*, 578 A.2d 178, 181 (D.C. 1990) (collecting Fifth, Sixth and Eighth Circuit cases holding that jeopardy does not attach in parole revocation hearings). Accordingly, the Commission's lawful rescission of petitioner's street-time credit does not offend the Double Jeopardy Clause.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED** nunc pro tunc to March 20, 2008, and the above-captioned case is **DISMISSED** with prejudice.  An order accompanies this Amended Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 29, 2008